August Bartulis, Jr., Plaintiff-Appellee, v. Metropolitan Life Insurance Company, a Corporation, Defendant-Appellant.

Gen. No. 10,692.

Fourth District.

June 30, 1966.

Gillespie, Burke & Gillespie, of Springfield, for appellant.

McGrady and Madden, of Gillespie, for appellee.

SMITH, J.

The defendant insurance company appeals from a judgment imposing liability on them for the cost of hospital-

ization begun and surgery performed after the termination of a group insurance policy. The injuries giving rise to both were sustained several weeks before such termination and in the interim the plaintiff was treated as an outpatient by his doctor without benefit of hospitalization or surgery. The trial court predicated coverage on the fact that the injuries were received during the time that the policy was in effect notwithstanding that hospital and surgery expense did not occur and were not incurred until after the termination date of the policy. Plaintiff insists that public policy requires this result. Defendant's position is that the expenses so incurred were not incurred while the policy was in force and, for this reason, are not compensational.

Defendant insurance company issued its group hospitalization and medical expense policy covering owners and employees of Standard Oil Service Stations. Plaintiff was a certificate holder by virtue of being a Standard Oil dealer. He was injured on May 4, 1959, in an automobile accident and while the policy was in full force and effect. He was treated as an outpatient until September 11, 1959, by his own doctor. On that date he entered the hospital and from then until October 11, 1959, incurred the hospital expenses and underwent surgery. In the meantime, however, the trustees who were administering the group insurance plan notified all members of the plan, including plaintiff, that the plan would be terminated July 31, 1959. Certificate holders were given the privilege of converting to an individual policy without medical examination within 31 days after the cancellation date of the group policy. Plaintiff did not avail himself of this privilege. The single issue is whether expenses incurred after termination as a result of injuries sustained prior to termination are within the terms of the contract, or as plaintiff suggests, whether justice and public policy required that liability attach even though the policy does not by its own terms impose it.

269

The provision as to hospital expense provided:

"... That any Certificateholder while insured for Hospital Expense Insurance hereunder ... shall have become confined as a patient in a legally constituted hospital upon the recommendation and approval of a physician or surgeon legally licensed to practice medicine, as a result of any injury. ..."

The provision as to surgical operation coverage reads:

"... That any Certificateholder while insured for Surgical Operation Insurance hereunder ... shall have undergone any surgical operation specified in Section 9 hereof, as a result of any injury. ..."

██ It seems crystal clear that the coverage provided was for confinement as a patient in a hospital while the policy was in force and surgery performed while the policy was in force. Neither event occurred during the life of the policy. Neither in such provisions nor elsewhere in the policy is there language suggesting that the policy could or should be read as providing coverage for hospitalization or surgery resulting from injuries sustained while the policy was in force. To so read this policy is to annex to it a coverage neither specifically stated nor reasonably implied. We would observe that section 10 entitled "Benefits after Cessation of Insurance" provided that if a certificate holder is totally disabled as a result of injuries or sickness on the termination date of the policy, the hospitalization and surgery coverages continue, for a period of 31 days. If a female, and pregnancy exists on the termination date of the policy, coverage is extended over a period of 9 months for hospitalization and surgery resulting from such pregnancy. It is thus apparent that this is not only a limited coverage policy, but its post-termination coverage is likewise specifically limited to specific circum-

270

stances. Coverage for injuries sustained during the lifetime of the policy with hospitalization or surgery resulting therefrom thereafter is conspicious by its absence. The clear implication is that there was no intention to provide such coverage.

 We cannot agree with the plaintiff that liability arose when the injuries were sustained. The coverage was not for expense caused by injuries sustained during the life of the policy, but for the cost of hospitalization and surgery obtained during the life of the policy. We recognize the rule that insurance contracts are construed in favor of the insured, but construction does not degenerate into a perversion of plain language to create an ambiguity where none exists or to father a contract obligation where none is stated or reasonably implied. Miller v. Madison County Mut. Automobile Ins. Co., 46 Ill App2d 413, 197 NE2d 153; Thompson v. Fidelity & Casualty Co. of New York, 16 Ill App2d 159, 148 NE2d 9. Nor does either justice or public policy compel a different result. Such argument is effectively answered in Shelton v. Equitable Life Assur. Society of the United States, 28 Ill App2d 461, 468, 171 NE2d 787, 790, with these words:

> "Plaintiff argues in effect that the ninety-day provision should be ignored so that justice can be served. We know of no public policy justification for ignoring the language of a contract in order to impose liability on a defendant insurer for a loss not contemplated by the contract. The ninety-day period provision allows a reasonable time for the manifestation of losses caused by accidental injury. Moreover, defendant contracted to pay only for losses occurring within ninety days after injury."

Just as loss of a leg occurring more than ninety days after an injury was not covered in that case, neither is

271

hospitalization and surgery obtained after termination of the policy in the case at bar covered. The judgment of the trial court must be and it is reversed.

Reversed.

TRAPP, P. J. and CRAVEN, J., concur.