William SCHEIDER and Richard G.
Harpster, Plaintiffs,

v.

UNITED STATES STEEL CORPORA-
TION and United States Steel and Car-
negie Pension Fund, Defendants.

Civ. A. No. 78–1350.

United States District Court,
W. D. Pennsylvania.

March 17, 1980.

C. Donald Gates, Jr., Pittsburgh, Pa., for
plaintiffs.

James T. Carney, Pittsburgh, Pa., for de-
fendants.

## MEMORANDUM

ROSENBERG, District Judge.

This matter is before me on a Motion to
Dismiss, or in the Alternative for Summary
Judgment, as filed by the defendants. The
complaint in this case filed by William
Scheider and Richard G. Harpster, as plain-
tiffs, is against the defendants, United
States Steel Corporation and United States
Steel and Carnegie Pension Fund. A hear-
ing on this motion was held on May 3, 1979.

In the complaint the plaintiffs allege that
they are former employees of the defend-
ant, United States Steel Corporation, and
were participants in the United States Steel
Contributory Pension Plan for employees'
pension benefits. They claim that their em-
ployment with United States Steel was ter-
minated and that at that time both plain-
tiffs satisfied the "Rule of 65" (age plus
years of service) qualification in order to be
awarded a pension pursuant to the United
States Steel Contributory Pension Plan.

The plaintiffs further allege that the de-
fendants wrongfully conspired and unlaw-
fully, maliciously and wantonly, deprived

the plaintiffs of their rightful pension benefits of $465.85 per month. Jurisdiction of this court is invoked by the plaintiffs under § 502 of the Pension Reform Law of 1954.[1]

■ The plaintiffs seek to recover benefits allegedly due under the plan and the enforcement of their rights under the terms of the plan, plus assessment of a civil penalty under the Pension Reform Law,[2] equitable relief, attorney's fees and other relief which the court may deem appropriate.

The defendants assert in their brief that their motion to dismiss under Rule 12(b) and Federal Rules of Civil Procedure[3] should be granted because the plaintiffs failed to exhaust their administrative remedies as provided in the United States Steel and Carnegie Pension Fund's Summary Plan description, which Plan became effective January 1, 1976, and to which the plaintiffs are subject.

The defendants filed an affidavit on January 4, 1979, in which they allege that the affiant is J. D. Short, Vice President-Administration, United States Steel and Carnegie Pension Fund; that the plaintiffs were covered by the Pension Rules as set forth in the Summary Plan Description and that the plaintiffs have not attempted to invoke the disputes provision under the Pension Rules; that the Summary Plan Description contains the disputes provision on pages 21 and 22, which provides that when there is a dispute concerning the employee's right to a pension, the employee may appeal the decision to the Vice President-Administration, United States Steel and Carnegie Pension Fund; and that the decision of the Vice President may be appealed within 60 days of the notification of that decision to the Board of Arbitration in Pittsburgh, or another arbitrator requested by the employee in his submitting a written demand for arbitration.

The plaintiffs' counter-affidavit of May 11, 1979 states that the affiant is C. Donald Gates, Jr.; that he is the attorney for the plaintiffs; that he affirms the facts alleged in Exhibits "A" and "B", which are letters to him from the plaintiffs, and that he wrote to W. D. Roderick, Manager of the Pension Administration the letters marked Exhibits "C" through "F". In the letters marked "A" and "B" the plaintiffs alleged that they were wrongfully dismissed one month prior to eligibility for a "Rule of 65" pension and that they were discriminated against. In letters "C" through "F", which are letters from Gates to Roderick, Gates asserts that his clients, the plaintiffs, are in fact entitled to a "Rule of 65" pension and that unless a final determination is made on this claim by September 30, 1978, the plaintiffs would commence an action against the defendants.

The plaintiffs have failed to state, by the absence in their complaint and affidavit[4] that the plaintiffs have availed themselves of this procedure, and the defendants assert in their brief and affidavit[5] that in fact the plaintiffs have not availed themselves of this procedure. That is, the affidavit submitted by the plaintiffs on May 11, 1979, fails to answer defendants' charge in their affidavit of January 4, 1979, that the plaintiffs have not availed themselves of the inter-fund procedures.

The defendants' pension plan under which the plaintiffs claim rights to pensions

1. The plaintiffs have erred in their complaint in citing § 502 of the Pension Reform Law of 1954. No such law exists. The applicable law is § 502 of the Employee Retirement Security Act of 1974, cited Am.Jur.2d, New Topic Service, as the Pension Reform Act, § 515 et seq., 29 U.S.C. § 1132, which in general gives employees the right to sue for a claim for pensions.

2. 29 U.S.C. § 1132(i): the civil penalty requested is inapplicable because it covers prohibited transactions as set forth in 29 U.S.C. § 1106,

none of which the plaintiffs allege against the defendants.

3. This Rule permits dismissal of an action by the court where, among others, there is no jurisdiction over the subject matter.

4. Affidavit, C. Donald Gates, Jr., May 11, 1979, including the facts alleged in attached Exhibits "A" through "F".

5. Affidavit of J. D. Short, paragraph 14, January 4, 1979.

was established by the defendants pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. 29 U.S.C. § 1133 (§ 503 of the Act) requires that every employee benefit plan contain a claims' procedure to afford the employee a reasonable opportunity for a full and fair review of his claim, should the employee be denied a pension which he alleges is due him.

Congressional intent as to what procedure must be followed by a claimant before he may maintain a suit in a court of law was made evident in its Joint Explanatory Statement of the Committee of Conference, Legislative History, H.R.Cong.Rep. No. 93–1280, 93 Cong. 2nd Sess., reprinted in 1974, United States Code, Congressional and Administrative News, pp. 4639, 5038, 5107, where it is stated that all suits by the employee to recover benefits under ERISA must follow the same procedures as actions brought under § 301 of the Labor-Management Relations Act of 1974 (LMRA).

According to *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1964), before an employee can assert his rights under LMRA § 301 in court, he must follow the administrative procedures outlined in the contract. Thus, a claimant under ERISA must first exhaust his administrative procedures, as he is required under LMRA, according to the intent of Congress.

In *Taylor v. Bakery Union*, 455 F.Supp. 816, 819 (E.D.N.C., 1978), the court specifically held in a suit under ERISA, that "Congress intended a claimant to exhaust his interfund remedies before seeking federal court review . . ." Accord, *Willetts v. Ford Motor Co.*, 583 F.2d 852, 856, C.A. 6, 1978; *Duvall v. Eaton Corporation*, No. 78–1419L(B), April 9, 1979.

There are two exceptions to the inter-fund exhaustion requirement: When resort to such procedures would be "futile", or when a claimant has been wrongfully denied meaningful access to the inter-fund procedures. *Taylor, supra*, at page 820. Nowhere in the plaintiffs' complaint or affidavits is there any allegation that resort to administrative remedies would be "futile". Or that they have been denied meaningful access to the inter-fund procedures. The plaintiffs therefore fail to qualify under either exception.

Since the plaintiffs' counterclaim does not present any questions of fact, but, in fact, does show that the plaintiffs failed to exhaust their administrative remedies, as required by the Employers Retirement Security Act of 1974, and did so without justification, the defendants' Motion to Dismiss the plaintiffs' action under Rule 12(b) of the Federal Rules of Civil Procedure will be granted.

An Order will be entered accordingly.