541 F.Supp. 345 (1982)
Virginia M. GUTTING, Plaintiff,
v.
FALSTAFF BREWING CORP., Defendant.
No. 81-791C(4).
United States District Court, E. D. Missouri, E. D.
May 28, 1982.
*346 Richard H. Ulrich, Shifrin, Treiman, Barken & Dempsey & Ulrich, St. Louis, Mo., for plaintiff.
John C. Shepherd, Steven P. Sanders, Shepherd, Sandberg & Phoenix, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on cross motions for summary judgment and other pretrial motions.
Plaintiff brings this action asserting federal jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, and section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132.
Plaintiff alleges that she is the surviving spouse of Ferdinand J. Gutting, an employee and officer of Falstaff Brewing Corporation, who died on December 10, 1980. Plaintiff sues to recover proceeds from three insurance policies allegedly purchased by defendant on Gutting's life pursuant to the "Contractual Benefit Plan for Survivors of Selected Executives of Falstaff Brewing Corporation," (the CBS plan). By a separate agreement between it and Gutting (Employees Death Benefit Agreement), defendant allegedly agreed to pay to Gutting's designated beneficiary a death benefit under the CBS plan measured by the difference between the amount of insurance proceeds received by defendant as a result of Gutting's death and the total premiums paid by defendant on the three policies, plus interest. Plaintiff alleges that she is Gutting's designated beneficiary and that defendant has wrongfully refused to pay her the death benefit.
Defendant has asserted throughout this litigation, by its answer filed July 24, 1981, and otherwise, that the death benefits were subject to forfeiture if the insured employee was terminated for cause and that Ferdinand J. Gutting was so terminated. These assertions were deemed admitted by plaintiff by this Court's order and memorandum of April 21, 1982. Accordingly, for purposes of the cross motions for summary judgment, there is no genuine issue of material fact that the death benefits were properly withheld from plaintiff under the terms of the CBS plan and the Employee Death Benefit Agreement.
Defendant argues that these admitted facts entitle it to judgment as a matter of law. Both in support of her motion for summary judgment on the issue of liability, and in opposition to defendant's motion for summary judgment, plaintiff argues that the terms of the contracts which permit defendant to withhold benefits from the beneficiaries of employees who are terminated for cause (the "bad boy" clauses) are void under sections 403(c)(1) and 406(a)(1)(D) of ERISA, 29 U.S.C. §§ 1103(c)(1), 1106(a)(1)(D).
Section 403(c)(1) of ERISA provides in pertinent part that:
Except as provided in ... [inapplicable sections of ERISA] the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to *347 participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan.
29 U.S.C. § 1103(c)(1) (emphasis supplied).
Section 406(a)(1)(D) of ERISA provides in pertinent part:
(a) Except as provided in ... [inapplicable section of ERISA]:
(1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect 
* * * * * *
(D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan....

29 U.S.C. § 1106(a)(1)(D) (emphasis supplied).
Plaintiff asserts that the "bad boy" clauses of the CBS plan and the Employee Death Benefit Agreement permit defendant Falstaff to use terminated benefits for its own gain in violation of these sections of ERISA and are therefore void.
The parties direct much of their argument to the effective dates of these sections of ERISA and whether they applied to the transactions in this case. Even assuming, however, that defendant Falstaff used the retained funds for its own benefit, and that such use is prohibited by these sections of ERISA, the Court finds that the "bad boy" clauses of the contracts are not void and that plaintiff is not, therefore, entitled to the funds.
The same CBS plan before this Court has been held to be an employee welfare benefit plan under section 3(1) of ERISA, 29 U.S.C. § 1002(1). (McClellan affidavit); Dependahl v. Falstaff Brewing Corporation, 653 F.2d 1208, 1213-14 (1981). Cases holding that an employee terminated for cause is entitled to benefits despite contractual "bad boy" clauses, however, have done so in the context of pension plans and by applying the vesting provisions of ERISA, 29 U.S.C. §§ 1051-1061. See, e.g., Winer v. Edison Brothers Stores Pension Plan, 593 F.2d 307 (8th Cir. 1979). These vesting provisions, however, which limit the situations in which an employee can forfeit pension benefits, are inapplicable to employee welfare benefit plans. 29 U.S.C. § 1051(1).[1] Plaintiff has not shown the Court any express or implied provision of ERISA similarly prohibiting the forfeiture of benefits under employee welfare benefit plans. The sections of ERISA upon which plaintiff relies only limit the use of the assets of the plan and are silent on the question of forfeiture. Accordingly, the Court finds that even if the uses to which the funds were put are violative of ERISA, that violation does not void the contractual forfeiture of the insurance benefits.
There is no genuine issue of material fact that the benefits were forfeitable under the contracts if Gutting was fired for cause, nor that Gutting was fired for cause. Finding as a matter of law that the forfeiture provisions of the contract were not void under sections 403(c)(1) and 406(a)(1)(D) of ERISA, 29 U.S.C. §§ 1103(c)(1) and 1106(a)(1)(D), defendant's motion for summary judgment will be granted, and plaintiff's motion for summary judgment will be denied.
All other pending pretrial motions will be denied as moot.
NOTES
[1] Plaintiff does not assert that the CBS plan is a pension plan under 29 U.S.C. § 1002(2).