587 F.Supp. 521 (1984)
Jerd HAMILTON, Plaintiff,
v.
TRAVELERS INSURANCE CO., et al., Defendants.
No. N830074C.
United States District Court, E.D. Missouri, N.D.
July 11, 1984.
*522 Richard Dempsey, Union, Mo., for plaintiff.
Eugene Buckley, St. Louis, Mo., for Travelers.
F. Doug O'Leary, St. Louis, Mo., for Altorfer.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the court on defendant Travelers Insurance Company's motion for summary judgment and defendant Altorfer Machinery Company's motion for summary judgment. For the following reasons, these motions will be granted and plaintiff's cause will be dismissed.
Plaintiff seeks a declaratory judgment that defendants are required to provide insurance benefits in connection with an eye injury sustained by his son after the policy was terminated by Travelers and after his son reached 19 years of age. Plaintiff also seeks damages under the alleged insurance contract to provide the claimed benefits.
On 23 September 1979, plaintiff's son, Greg, sustained eye injuries from a gunshot wound. Medical expenses were incurred, for which defendant Travelers made payments. In August 1981, Greg became 19 years old. On 1 October 1981, Travelers cancelled the policy covering Greg. Travelers paid for expenses incurred on 11 August 1983, but refused to pay the next claim for an expense incurred on 11 November 1981 or any claim thereafter. Greg Hamilton makes no claim under the total disability provisions of the policy.
Altorfer never represented that it would pay for any medical expenses. The document plaintiff claims is a contract between Altorfer and himself is a Travelers document, which sets out the rights of Travelers to cancel the policy. Altorfer issued a statement of "Company Benefit Programs", which included the statement:
Each benefit listed is explained by a specific document or contract that defines eligibility and conditions of payment and is subject to final interpretation by the authority involved. For instance, all claims on Group Insurance are finally authorized by the Travelers Insurance Company.
No contract exists between defendant Altorfer and plaintiff to pay any hospital, surgical, or other medical benefits to plaintiff for any injury sustained by plaintiff's son.
The Certificate of Insurance or "Group Insurance Benefits" booklet does not create any obligation on behalf of defendant Altorfer with respect to the health care benefits described in that booklet. See Dowdy v. Lincoln Nat. Life Ins. Co., 384 S.W.2d 282, 285 (Mo.App.1964); Gallager v. Simmons Hardware Co., 214 Mo.App. 111, 258 S.W. 16, 17 (1924).
The certificate issued to an individual employee constitutes part of the contract of insurance issued by Travelers. The certificate and the actual policy constitute a contract between the insurer and the individual employee. Bellamy v. Pacific Mut. Life Ins. Co., 651 S.W.2d 490, 494-96 (Mo. En Banc 1983); See also Morris v. Travelers Insurance Company, 546 S.W.2d 477, 486 (Mo.App.1976).
Plaintiff's claim is grounded on a document which is not a contract between *523 Altorfer and himself. Since there is no contract between Altorfer and Hamilton as to the specific insurance benefits in question, Altorfer has not violated any of plaintiff's rights under ERISA or otherwise in failing to provide coverage. ERISA does not prohibit discontinuing benefits under employee benefit plans; ERISA does not create liability on the part of the employer who changes the kind of health plan provided to employees where no contract prohibits or prevents such change. Cf. Gutting v. Falstaff Brewing Corp., 541 F.Supp. 345, 347 (E.D.Mo.1982).
The parties agree that coverage under the group policy ended upon termination of that policy, 1 October 1981. Plaintiff argues that coverage should be distinguished from the payment of expenses. Since plaintiff was covered when he received his injuries, subsequent medical expenses should be paid, even though the policy was cancelled, because plaintiff's rights in the policy vested.
Traveler's Group Health Insurance policy provided in part:
GROUP HEALTH INSURANCE
PART 4  HOSPITAL EXPENSE BENEFITS
EMPLOYEES AND THEIR DEPENDENTS
§ A  For Daily Room and Board Expense
If an insured employee or an insured employee's dependent shall be confined as a resident in-patient in a hospital on account of accidental bodily injury or sickness not hereinafter excepted, and such confinement shall begin
(a) while such person is covered under this Part ...
* * * * * *
PART 5  SURGICAL PROCEDURE EXPENSE BENEFITS
EMPLOYEES AND THEIR DEPENDENTS
If a surgical procedure ... shall be performed ... on an insured employee or an insured employee's dependent on account of accidental bodily injury or sickness not hereinafter excepted.
(a) while such person is covered under this Part ...
* * * * * *
PART 7  BENEFITS FOR EXPENSE OF PHYSICIAN'S VISITS DURING HOSPITAL CONFINEMENT
If an insured employee or an insured employee's dependent on any day for which benefits for daily hospital room and board expense (as defined) are payable under Part 4 ....
* * * * * *
PART 8  MAJOR MEDICAL EXPENSE BENEFITS
EMPLOYEES AND THEIR DEPENDENTS
. . . . .
Except as provided in § B below, the provisions of this part apply only to expenses incurred while the employee or dependent ... is covered under this part.
An expense or charge shall be deemed incurred as of the date the service is rendered or the purchases made from which the expense or charge arises.
Insurance contracts are construed in favor of the insured, but construction does not degenerate into a perversion of plain language to create an ambiguity where none exists or to father a contract obligation where none is stated or reasonably implied. Bartulis v. Metropolitan Life Insurance Company, 72 Ill.App.2d 267, 218 N.E.2d 225, 226 (1966).
In Houghton v. American Guar. Life Ins. Co., 692 F.2d 289 (3rd Cir.1982), the court held that the insurer was liable for payment of expenses, incurred outside the term of the policy, which resulted from sickness suffered during the term of the policy. The limitations in the policy did not restrict payments for "Allowable Expense" *524 to only those expenses incurred during the term of the policy. In the case at bar, there is no ambiguity as in Houghton. It is clear from the words of the policy that only expenses incurred while the insured is covered will be reimbursed. Greg Hamilton was not covered after 1 October 1981; therefore, expenses after that date need not be reimbursed. The insurer has paid expenses incurred prior to that date.
As in Bartulis, the coverage was not for expenses caused by injuries sustained during the life of the policy, but for expenses obtained during the life of the policy. See, e.g., 218 N.E.2d at 226. Post termination coverage is limited to circumstances inapplicable to plaintiff. Id.
Plaintiff does not question defendant's right to terminate the insurance. The insurance was cancelled. The expenses for which plaintiff seeks reimbursement were incurred while the dependent was not covered.
The motions for summary judgment will be granted. Each side will bear its own costs.