Jerd HAMILTON, Appellant,

v.

The TRAVELERS INSURANCE CO.
and Altorfer Machine Co.,
Appellees.

No. 84–1908.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 18, 1985.
Decided Jan. 23, 1985.

Richard B. Dempsey, Union, Mo., for appellant.

Eugene K. Buckley and Laura K. Allen, St. Louis, Mo., also by F. Douglas O'Leary, St. Louis, Mo., for appellees.

Before HEANEY and ROSS, Circuit Judges, and HARRIS,* District Judge.

* The Honorable OREN HARRIS, Senior Judge, United States District Court for the Eastern and Western Districts of Arkansas, sitting by designation.

PER CURIAM.

Jerd Hamilton brought this action against Altorfer Machinery Company (Altorfer) and Travelers Insurance Company (Travelers), seeking to recover declarative and monetary relief in connection with a health insurance policy. Jurisdiction was based on diversity. The district court dismissed Hamilton's action upon granting defendants' summary judgment motions. Hamilton appeals. We affirm.

## FACTS

In 1975, Hamilton obtained employment at Altorfer Machinery Company. He elected to become enrolled as an insured under a Group Life and Health Plan issued by Travelers.

The plan covered medical expenses incurred by Altorfer employees and their dependents. A "dependent" is defined in the policy to include unmarried children under 19 years of age.

On September 23, 1979, Hamilton's son, Gregg, sustained a serious eye injury. Gregg became 19 years old on August 23, 1981.

Travelers cancelled the group plan on October 1, 1981. Travelers has refused to pay for any medical expenses incurred in treating Gregg's eye injury after October 1, 1981.

Hamilton sought a declaratory judgment that defendants are required to provide insurance benefits for expenses incurred in treating Gregg's eye injury after Gregg reached 19 years of age and after the policy was terminated. Hamilton also sought damages against Altorfer for breach of a contract to provide the benefits in the health plan, and for violating the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §§ 1001–1461 (1982).

## DISCUSSION

■ Hamilton first alleges that the district court erred in finding that the health insurance policy did not provide for the payment of benefits for expenses incurred after termination of the policy. The relevant portions of the policy are set forth in the district court's opinion. *Hamilton v. Travelers Insurance Co.*, 587 F.Supp. 521, 523 (D.Mo.1984). We agree with the district court that "[i]t is clear from the words of the policy that only expenses incurred while the insured is covered will be reimbursed." *Id.* at 524. The policy provides coverage for post termination expenses only in limited circumstances inapplicable to Hamilton. Accordingly, the court did not err in finding that the policy did not provide for payment of post termination benefits to Hamilton. *See Bartulis v. Metropolitan Life Insurance Co.*, 71 Ill. App.2d 267, 218 N.E.2d 225 (Ill.App.1966).

■ Hamilton also alleges that the district court erred in ruling that there was no contract between Altorfer and himself to provide the benefits set forth in the health insurance policy. Hamilton's claim that a contract exists between himself and Altorfer is grounded on a document known as a "summary plan description," which was distributed to Hamilton as required by ERISA. 29 U.S.C. § 1022 (1982). The "summary plan description" booklet does not contain any statement which could conceivably be read as creating an obligation on the part of Altorfer to provide health insurance benefits to Hamilton. As such, we find no error in the district court's conclusion on this issue.

■ Finally, Hamilton alleges that the district court erred in finding that Altorfer did not violate either a contractual duty, or ERISA by terminating the employee health insurance plan. The "summary plan description" booklet provides that Altorfer, as the plan's administrator, "may terminate * * * the Plan in whole or in part at any time, subject to the applicable provisions of the group insurance policies." Clearly, Altorfer was under no contractual obligation to refrain from terminating the plan. Finally, we agree with the district court's conclusion that "ERISA does not create

liability on the part of the employer who changes the kind of health plan provided to employees where no contract prohibits or prevents such change." *Hamilton v. Travelers Insurance Co., supra,* 587 F.Supp. at 523 (*citing Gutting v. Falstaff Brewing Corp.,* 541 F.Supp. 345, 347 (E.D.Mo.1982)). *See* 29 U.S.C. §§ 1341–1348 (1982).

In conclusion, we find that the district court did not err in ruling that there was no genuine issue as to any material fact and that the defendants were entitled to a judgment in their favor as a matter of law. We affirm.