**Charlene W. BAKER, Ronnie T. Ballentine, Marcella J. Bell, Marvin Berryhill, G. Tom Berryhill, Gerald F. Gowman, Joe S. Brashears, Shirley J. Brewer,**

---

Willie Brooks, Bobby J. Brown, Tom H. Bryant, Hershel C. Bryant, Henry R. Burnett, Willene Burroughs

v.

UNIVERSAL DIE CASTING, INC., Louis Zachary.

Civ. No. 89–6071.

United States District Court,
W.D. Arkansas,
Hot Springs Division.

Nov. 6, 1989.

Deborah J. Jeon, Shereen Arent, Youngdahl & Youngdahl, Little Rock, Ark., for plaintiffs.

Michael S. Moore, Friday, Eldredge & Clark, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

### Introduction

Plaintiffs, former employees and retirees of defendant, Universal Die Casting, Inc., brought this action under ERISA to require restoration of health and life insurance benefits under an employee welfare benefit

plan. Plaintiffs contend that defendants unlawfully terminated the plan and thereby violated ERISA. Plaintiffs allege that defendants, Precision Industries, Inc. and Robert Gaddy, contractually assumed sponsorship of the plan.

Defendants have moved to strike plaintiffs' request for jury trial and for dismissal of the complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiffs have timely responded and have moved for a partial default judgment. These issues will be addressed in turn.

### Discussion

As noted, defendants move to strike plaintiffs' request for trial by jury. Plaintiffs argue that the ERISA plan at issue is grounded upon a union collective bargaining agreement negotiated on their behalf, and therefore the claims are properly characterized as "legal" in nature, depending upon "basic contract law."

■ It is fairly well-established that jury trials are not inappropriate in all actions under ERISA. It has been held that suits to recover severance pay allegedly due under the terms of a written "severance plan" are essentially "legal" in nature for which trial by jury is allowed. *See Abbarno v. Carborundum Co.*, 682 F.Supp 179 (W.D.N.Y.1988). An employee's widow who sought payment of accidental death benefits under an ERISA benefit plan was held to be entitled to a jury trial, where the ultimate question to be resolved was whether the decedent's death was accidental. *Fuller v. INA Life Ins. Co. of New York*, 141 Misc.2d 464, 533 N.Y.S.2d 215 (1980). A former employee was held to be entitled to a trial by jury in an action predicated on the employer's obligation to pay certain amounts due unconditionally and immediately upon his resignation. *See Ovit v. Jefferies & Co., Inc.*, 553 F.Supp. 300 (D.Ill.1982). In these cases the basic claims were deemed to be "legal" in nature.

However, in an action under ERISA seeking payment of benefits under a former employer's long-term disability policy premised on an alleged breach of fiduciary duty to pay benefits under the policy, the court, in *Turner v. Leesona Corp.*, 673 F.Supp. 67 (D.R.I.1987), held that the claim was essentially equitable in nature and that the former employee was not entitled to a jury trial. In *Hollenbeck v. Falstaff Brewing Corp.*, 605 F.Supp. 421 (D.Mo.1984), the court held that an action to enforce rights under an ERISA plan or to clarify rights to future benefits did not require trial by jury.

■ The Court of Appeals for the Eighth Circuit has held that in an action alleging that a retirement plan violated the statutory provisions of ERISA by denying present and former employees current and future benefits, the action could not be characterized as a breach of contract warranting a jury trial. *See In re Vorpahl*, 695 F.2d 318 (8th Cir.1982). In *Vorpahl*, the court wrote:

We conclude that *Wardle (v. Central States*, 627 F.2d 820 (7th Cir.1980)), *cert. denied*, 449 U.S. 1112 [101 S.Ct. 922, 66 L.Ed.2d 841] (1981) and *Calamia (v. Spivey*, 632 F.2d 1235 (5th Cir.1980)), more carefully and adequately analyze the question presented, and agree that no jury trial is required in cases under this section (29 U.S.C. § 1132.).

In *Anderson v. Alpha Portland Industries, Inc.*, 836 F.2d 1512 (8th Cir.1988), the plaintiffs argued that they were entitled to a jury trial, under ERISA, on their "breach of contract" claim. The defendants asserted that plaintiffs' claims were essentially equitable in nature. The court held that plaintiffs had waived any right to a jury trial on their breach of contract claim and declined to further address this issue. Thus, *Vorpahl* controls this issue, and the Eighth Circuit held with unmistakable clarity that "a jury trial is not required under Section 502 (29 U.S.C. § 1132)," *Vorpahl*, *Id.* at 322, by the statutory scheme or by the Seventh Amendment.

This rule applies with equal force where the claim is founded upon a breach of fiduciary duty by the trustee. *Brown v. Retirement Committee of the Briggs & Stratton Retirement Plan*, 797 F.2d 521

(7th Cir.1986); *Turner v. C.F. & I Steel Corporation,* 770 F.2d 43 (3rd Cir.1985); *See Dasler v. E. F. Hutton & Co., Inc.,* 694 F.Supp. 624 (D.Minn.1988). Accordingly, plaintiffs' request for trial by jury will be denied.

■ Defendants next assert that the termination of the plan did not violate the terms of the plan or ERISA. It is indeed possible for an employer to eliminate a welfare benefit plan without violating the plan or ERISA. *See Nash v. Krivaja Beechbrook Corp.,* 866 F.2d 1053 (8th Cir. 1989); *Hamilton v. Travelers Ins. Co.,* 752 F.2d 1350 (8th Cir.1985). In *Hamilton* the court stated:

[W]e agree with the district court's conclusion that 'ERISA does not create liability on the part of the employer who changes the kind of health plan provided to employees where no contract prohibits or prevents such change.'

*Hamilton, Id.* at 1351–52.

■ Plaintiffs note that in addition to certain selected language of the insurance plan quoted by defendants in their brief, the plan specifically states that the retiree benefits are "indefinite" in duration and that laid off employees are entitled to receive employer-paid benefits for six months, then are entitled to twelve months of group rate benefits if they choose to pay the premium. *See* Exhibit 4 to Complaint, p. G–4.

As defendants note, at page G–3 of the plan, the plan states that, "[I]nsurance will end at midnight of the earliest of several events, including the day the policy ends, the day any premium is due and unpaid and the last day of the month in which the person is no longer eligible under the policy." *See also* page G–4 of Exhibit 4, which governs the eligibility of beneficiaries and the expiration of periods of eligibility for individual beneficiaries.

Plaintiffs urge that the ERISA plan at issue was a collectively bargained-for agreement, which requires consideration of other related agreements, as well as the practice, usage, and custom of the parties. In essence, the plaintiffs contend that the language of the ERISA plan is patently

ambiguous because of allegedly inconsistent provisions, and that it is latently ambiguous when extrinsic evidence of the course of dealing and other agreements is considered. This court has previously endorsed such a proposition, where latent and patent ambiguities were ultimately found to create a binding obligation to continue benefits. *See Grubbs v. United Mine Workers of America,* 723 F.Supp. 123 (W.D.Ark.1989) and cases cited therein.

The collective bargaining agreement does indeed contain durational provisions at variance from those set forth in the plan itself. *See* Article XIII of Exhibit 2 to Complaint. Whether these provisions were intended to extend to the plan itself and whether the plan is internally inconsistent are issues requiring the court to consider conflicting portions of the documents, practices under the agreements, and the bargaining history of the parties. *See Williams v. Wellman Thermal Sys. Corp.,* 684 F.Supp. 584 (S.D. Ind.1988). Because under the pleadings plaintiffs could, consistently with the allegations thereof, prove facts which would entitle them to relief, a motion to dismiss is not well-taken. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). It follows that defendants' motion must be denied on this point.

■ Defendants next argue that plaintiffs have failed to exhaust their administrative remedies and have failed to plead exhaustion. Exhaustion is generally required under 29 U.S.C. § 1133(2). Pages G–27 and 28 of the plan set forth the administrative intra-plan procedures available. The Eighth Circuit, in *Anderson, supra,* was persuaded by the Ninth Circuit's analysis in *Amato v. Bernard,* 618 F.2d 559 (9th Cir.1980) that exhaustion is required under ERISA.

From the pleadings and exhibits it appears that plaintiffs were sent notices stating that their benefit plan would be terminated on November 1, 1988. Thus, this is not a case involving the mere denial of a claim or claims under a plan—it is a case involving the alleged termination of the plan and its procedures. It is well-estab-

lished that resort to plan procedures is required, unless such would be futile or a claimant has been wrongfully denied meaningful access to those procedures. *See Scheider v. U.S. Steel Corp.*, 486 F.Supp. 211 (D.Pa.1980). Obviously, if the entire plan procedure has been dismantled, the plaintiffs do not, and did not, have meaningful access to the plan procedures. Further, the pleadings, construed in plaintiffs' favor, suggest that exhaustion would be futile in this case. Accordingly, the court holds that plaintiffs were not required to exhaust the plan procedures before filing suit.

Defendants further contend that if the duration of the plan is affected by the durational provisions of the collective bargaining agreement as plaintiffs urge, then plaintiffs must exhaust their remedies available under the collective bargaining agreement. This argument has the appeal of deductive logic, however, the collective bargaining agreement itself forecloses such a conclusion. Article XII, § 4 of Exhibit 2 to the complaint (the collective bargaining agreement) states:

> No matter respecting the provisions of the Pension Plan or the Insurance Program shall be subject to the grievance procedure established in this Agreement.

If this provisions means what it says or means what it appears to say, then plaintiffs need not exhaust the grievance procedures of the collective bargaining agreement. The court certainly cannot conclude beyond a doubt that plaintiffs are required to exhaust these procedures or to submit to arbitration. The clause quoted above is sufficiently clear and unambiguous to except the dispute from arbitration, at least on the surface. If there are facts which support the proposition that this clause is latently ambiguous, these facts are not apparent from the pleadings and exhibits filed with the court.

A Rule 12(b) motion is to be read as a whole, *Continental Ore Co. v. Union Carbide and Carbon Corp.*, 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962), and it is to be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Bennett v. Berg*, 710 F.2d 1361 (8th Cir.1983). In addition, complaints are to be "liberally construed in favor of the plaintiff." *See Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969), and *United States v. Advance Machine Corp.*, 547 F.Supp. 1085, 1088 (D.Minn.1982). It has also been said that all facts pleaded in the complaint are taken to be true for 12(b)(6) purposes, *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976), and all reasonable inferences from facts pleaded in the complaint are to be drawn and deemed to be true. *See* 5 Wright & Miller, *Federal Practice and Procedure* § 1363 (1969).

Plaintiffs move for a default judgment on the basis that defendants moved to dismiss plaintiffs' claims under § 1132, but failed to file a responsive pleading with regard to plaintiffs' claims under 29 U.S.C. §§ 1109 and 1161. The motion to strike plaintiffs' jury demand and to dismiss filed by Precision Industries, Inc. and Robert Gaddy states that these defendants "move to dismiss this action" and "to strike plaintiffs' jury demand." This motion does not, by its own terms, apply solely to plaintiffs' § 1132 claims. However, even if it did apply only to plaintiffs' § 1132 claims, Rule 12(a), Fed.R.Civ.P. states that the service of a motion permitted under Rule 12 alters the period of time for filing a responsive pleading. If the motion is denied, the responsive pleading must be served within ten days after notice of the court's action.

Further, Rule 12(b) states that a motion making any defense listed in Rule 12(b)(1), (6) shall be made before pleading if a further pleading is permitted. Therefore, the rule states that the filing of any motion to dismiss based upon the defenses listed in Rule 12(b)(1), (6) results in the responsive pleadings not becoming due until ten days after notice of the court's action.

Defendants apparently argue that the filing of the motion to strike plaintiffs' jury demand also alters the time for filing

a responsive pleading. Rule 12 does not say that. Rule 12, again, says that the service of "a motion permitted under *this rule* alters ..." the deadline for serving a responsive pleading. A motion to strike a jury demand is not "a motion permitted under (Rule 12)." A motion to strike a jury demand is a motion under Rule 39(a)(2), which obviously is not a motion under Rule 12, and does not extend the time period in which an answer must be served or filed.

In accordance with the foregoing, an order will be entered denying plaintiffs' request for jury trial and motion for default judgment and denying defendants' motion to dismiss.