**John McGANN, Plaintiff,**

**v.**

**H & H MUSIC COMPANY, et al., Defendants.**

**Civ. A. No. H–89–1995.**

United States District Court, S.D. Texas, Houston Division.

June 28, 1990.

Helen Brattin, Donald L. Skipwith, Houston, Tex., for plaintiff.

## ORDER

NORMAN W. BLACK, District Judge.

Pending before the Court is a motion for summary judgment filed by Defendants H & H Music Company, Brook Mays Music Company and General American Life Insurance Company. After consideration of said motion and the response filed by Plaintiff John McGann, the Court is of the opinion that there is no genuine issue of material fact in this case, and that, for the reasons discussed below, Defendants' motion should be granted.

*Statement of the Case*

John McGann brought this claim of discrimination and violation of his rights under ERISA against his employer, H & H Music Company, Brook Mays Music Company and the insurance company that administers his medical plan, General American Life Insurance Company. He alleges that because Defendants changed portions of the group medical care plan they violated ERISA, 29 U.S.C. § 1001 *et seq.*

McCann began working for Defendant H & H Music Company in 1982. In December of 1987 he was diagnosed as having A.I.D.S. and informed Defendant of his diagno-

sis. In July of 1988 Defendants made changes in their health insurance program. Previously employees that were diagnosed with A.I.D.S. were entitled to maximum benefits of $1,000,000.00 during their lifetime. The new plan decreased A.I.D.S. benefits to a maximum of $5,000.00 and also discontinued benefits for chemical dependency. In addition, in July 1988, the medical coverage changed from fully insured to self-insured. McCann after learning of the changes in the plan filed suit.

*Summary Judgment*

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

*Discussion*

The paramount purpose of ERISA is to protect the solvency of employee benefit plans to ensure that the valid claims of employees and their beneficiaries will be paid. *Orchard Creek Hospital, et al. v. The Life Insurance Company of Virginia, et al.,* Cause No. H–88–3500 (S.D.Tex. March 1990). ERISA sets forth uniform standards dealing with reporting, disclosure and fiduciary responsibility. *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 91, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). Furthermore, ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the provision of employee benefits. *Id.*

The purpose of the changes in the group medical plan made by Defendants jibe with the ultimate purpose of ERISA: protection of the plan. Defendants made changes in the plan because in past years the plan suffered serious financial losses. Defen-

dants were faced with either dropping the plan altogether or making changes. The alterations were not made to discriminate against McCann or anyone who was diagnosed with A.I.D.S.

Defendants had the right to make changes in the plan and complied with the requirement of ERISA. According to ERISA every employer must provide its employees with a summary plan description ("SPD"). 29 U.S.C. § 1022(a)(1). The SPD must be written in a manner calculated to be understood by the average plan participant. 29 U.S.C. § 1022(a)(1). Defendants followed these ERISA provisions and in the SPD that they handed out to their employees they included a paragraph clearly stating that the plan sponsor could terminate or amend the Plan or terminate any benefit under the Plan at any time. Therefore, beneficiaries were put on notice that from year to year their group medical plan could change.

In a similar case an insurance company completely canceled a group plan and one of the beneficiaries filed suit against the insurance company in an attempt to force it to provide insurance benefits. *Hamilton v. Travelers Ins. Co.*, 752 F.2d 1350 (8th Cir.1985). The Court held that the insurance company had the right to terminate the plan. *Id.* The insurance company had complied with the ERISA requirements, and provided an SPD which was distributed to the employees. The SPD tracked the language of the Defendants' SPD. The court in *Hamilton* held that neither the employer nor the insurance company was under any contractual obligation to refrain from terminating the plan. *Id.* at 1351. Furthermore, the Court found that ERISA does not create liability on the part of an employer who changes the kind of health plan it provides to its employees where no contract prohibits or prevents such change. *Id.* at 1352. The contract provided by Defendants in the case before this Court does not prohibit or prevent any changes from being made in the group plan. Just as the Defendants can make the benefits larger for A.I.D.S. patients they can also make the benefits smaller.

Finally, the Plaintiff claims that the motion for summary judgment should be denied because there is evidence of discrimination. Although an analysis of Plaintiff's claim of discrimination is not necessary, even using this analysis Plaintiff's claim fails.

In a Third Circuit case the court set out three requirements to prove discrimination under ERISA. *Gavalik v. Continental Can Co.*, 812 F.2d 834 (3rd Cir.1987). An employee must demonstrate (1) prohibited employer conduct, (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled. *Id.* at 852. Plaintiff cannot prove that Defendants' conduct was prohibited. The Defendants had the right to change or terminate the medical plan under ERISA. In addition, the action was not taken to interfere with the rights of McCann but to ensure the future existence of the plan.

McCann was not entitled to health benefits whose terms never change. He was not denied any compensation for expenses related to treatment for A.I.D.S. during 1987 when the plan paid up to $1,000,000 for A.I.D.S. patients, nor was he denied medical compensation for insurance claims once Defendants changed the health plan in 1988. Therefore, McCann's claim of discrimination must fail.

Since Defendants have complied with the regulations of ERISA, legally have the right to make changes in its group medical plan and did not act in a discriminating manner Plaintiff's claim must fail.

For the reasons stated above, it is therefore

ORDERED that Defendants' motion for summary judgment is GRANTED.