Frank THOMAS

v.

TRUCK DRIVERS AND HELPERS LO-
CAL NO. 355, HEALTH AND WEL-
FARE FUND/PENSION FUND.

Civ. No. Y–91–499.

United States District Court,
D. Maryland.

Aug. 30, 1991.

James Ansell, Ellicott City, Md., for plaintiff.

Ilene S. Frame and Luther C. West, Baltimore, Md., for defendant.

MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Pending before the Court is a motion for summary judgment (cited as MSJ) filed by Defendants, Truck Drivers and Helpers Local No. 355, Health And Welfare Fund/Pension Fund on February 22, 1991. After consideration of said motion and the response filed by Plaintiff, Frank Thomas, I agree that there is no genuine issue of material fact in this case, and that, for the reasons discussed below, Defendant's motion should be granted.

Plaintiff Frank Thomas is a member of Truck Drivers and Helpers Local 355, and a member of the Health and Welfare Fund Program. The Local 355 Health and Welfare Fund ("Defendant" or "Defendant–Fund") is a duly qualified, multi-employer tax-exempt employee benefit plan, established and administered in accordance with the Employees Retirement Income Security Act of 1974 ("ERISA" or "The Act"). The Fund is administered solely by a Board of Trustees which consists of an equal number of Employer and Employee Trustees.

In September of 1989, Plaintiff was informed by his doctors that he had no sperm count, that his condition was due to a "bilateral obstruction of the epididymis", and that his condition would impede his ability to have children. (Complaint para. 4) On June 6, 1990, Plaintiff underwent a bilateral vasoepididymostomy, which successfully cleared the obstruction.

Thereafter, Plaintiff filed a claim for medical benefit payments. Defendant denied Plaintiff's claim in two written decisions dated April 30, 1990 and October 16,

1990 respectively. Plaintiff's claim was denied because:

1. The procedure for which benefits [were] sought [was] not a covered service under the Plan.

and

2. The procedure [was not] medically necessary to [Plaintiff's] continued good health,

and

3. [The procedure did not] constitute a medical emergency (life threatening) situation.

Plaintiff then sued Defendant–Fund alleging breach of contract, and that Defendant–Fund's denial of benefits was arbitrary and capricious.

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

▆▆▆ Defendant moves for summary judgement on grounds that 1) it is under no contractual obligation to cover the specified procedure and 2) its decision not to cover this procedure was not arbitrary and capricious. Plaintiff contends that the specified procedure is not excluded by the Plan and that Defendant's decision to refuse benefit payments was arbitrary and capricious (presumably under 29 U.S.C. sections 1132(a)(1)(B)—ERISA).[1]

Defendant bases its argument on the Schedule of Operations (the "schedule") and a section of the "Summary Description of Plan" booklet (SDP) entitled "Excluded Medical Expenses."

Defendant correctly asserts that the specified procedure (vasoepididymostomy) is not a scheduled surgical procedure pursuant to the Plan's Schedule of Benefits. Medical procedures that are not specifically listed in the Schedule may still be entitled to coverage, however, if, 1) the procedure is not an "excluded medical expense" and 2) the Board determines, in its discretion, that benefits will be provided. (See SDP H & W 30 and 31)

Defendant asserts that Plaintiffs surgery is excluded under SPD–H & W–30 section (h), which provides: "[t]he following medical expenses will not be considered as eligible medical expenses: ... [e]xpenses not connected with the care and treatment of an *actual injury or sickness.*" (emphasis in the original) According to Defendant,

> "the reason [ ] that the Plaintiff sought medical attention was due to his wife's inability to become pregnant. There is no indication of any injury, illness or pain suffered by Mr. Thomas which precipitated his visit to a urologist."

Although the question of whether or not Plaintiff's condition qualifies under the Plan as an actual "injury" or "sickness" is a disputed factual issue, Plaintiff's reasons for seeking medical attention are irrelevant to the resolution of the pending motion.

**1.** Plaintiff does not indicate whether his "arbitrary and capricious" challenge to the Boards decision is based on ERISA or State Common Law. If based on ERISA, the Supreme Court's recent decision in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), would control the Court's review of the Board's final decision. There, the Court held that the "denial of benefits challenged under section 1132(a)(1)(B) is to be reviewed under a *de novo* standard *unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or*

*to construe the terms of the plan." Id.* 109 S.Ct. at 956 (emphasis supplied). Since, in this case, Board of Trustees of the Plan have express discretionary authority under the Plan to make benefits determinations, the appropriate standard of review is arbitrary and capricious. *See, Reilly v. Blue Cross & Blue Shield United of Wis.,* 846 F.2d 416, 419 (7th Cir.) (appropriate standard of review is whether the "decision or conduct was arbitrary, capricious or motivated by bad faith"), *cert. denied,* 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988).

Even assuming that the specified procedure would not be "excludable" under Paragraph (h) of the SDP, the Board's determination that the procedure still is not covered by the Plan was entirely within its authority and was not arbitrary and capricious.

Under the Plan, the Board of Trustees retain "full and final authority to determine which benefits shall be provided and what the Fund shall pay for them." Defendants assert 1) that "the Plan has never paid benefits for procedures performed as a result of a Participant's infertility," and 2) the Board's decision is mandated by its duty to preserve the fiscal integrity of the fund, and is consistent with the goals of ERISA as interpreted in *McGann v. H & H Music Company,* 742 F.Supp. 392 (S.D.Tex.1990)

In response to Defendant's first argument—that the Plan has never paid benefits for procedures performed as a result of a Participant's infertility—Plaintiff asserts that the Plan covers vasectomies which, like the procedure at issue, is a "medical fertility problem." Defendant concedes that a vasectomy is a covered surgical procedure, listed under "Urology" in the Schedule of Benefits but states that though the two procedures—vasectomy and vasoepididymostomy—both affect fertility, the first is a means of *birth control* while the second *corrects* infertility. Plaintiff submits no evidence to counter Defendant's claim that the Plan has never paid benefits for claims relating to the *correction* of infertility.

Second, the holding in *McGann* supports Defendant's argument. In that case, the court left untouched the Defendant–Insurance–Plan's decision to substantially reduce benefits payable to A.I.D.S. patients holding:

> The paramount purpose of ERISA is to protect the solvency of employee benefit plans to ensure that the valid claims of employees and their beneficiaries will be paid.... [t]he purpose of the changes in the group medical plan made by Defendants jibe with the ultimate purpose of ERISA: protection of the plan....

742 F.Supp. at 393. *See, Hamilton v. Travelers Ins. Co.,* 752 F.2d 1350 (8th Cir. 1985) (Court upheld defendant-group-plan's decision to cancel the plan entirely.)

Defendants argue that "[a vasectomy] is a relatively cost-efficient means of *birth control,* as determined by the Trustees." (MSJ p. 4) (Emphasis added) The Board's determination to cover the cost of a vasectomy would tend to reduce the Plan's forecasted benefit expenditures on pregnancy and related medical complications, and would be consistent with the Trustees' duty to preserve the fiscal integrity of the Plan.

Both parties raise the applicability of *Egert v. Connecticut General Life Insurance Company,* 900 F.2d 1032 (7th Cir. 1990). In that case, the Court of Appeals held that Defendant–Insurance–Carrier arbitrarily and capriciously denied Plaintiff–Insured's claim for In–Vitro Fertilization (IVF) treatments. However, *Egert* is inapposite.

The plan in *Egert* reimbursed "services or supplies provided [or] recommended by a Physician and [ ] essential for the necessary care and treatment of an Injury or a Sickness." The plan defined "Sickness" as "a physical or mental illness" but failed to define "treatment" or "illness." Though not specifically defined, "infertility" was expressly referred to in Defendant–Carrier's "Current Claims Practices," [2] as an illness. The plan specifically authorized reimbursement for microsurgery to repair deteriorated fallopian tubes. 900 F.2d at 1037. The fine line sought to be drawn by defendant-carrier in *Egert* was a distinction between "treatment of the illness of infertility (in-body happening) versus assisting the body with treatment (outside the body) because the body's normal progression of attempts at conception are no longer occurring." 900 F.2d at 1034.

In contrast, the issue in this case is more simplified. Defendant's Plan does not pro-

---

**2.** "A compilation of internal memoranda that outline appropriate applications of the Plan to

individual circumstances." 900 F.2d at 1034.

vide benefits for the correction of infertility and has not provided such benefits in the past. Accordingly, Defendant's decision to deny benefits was not arbitrary and capricious; and Defendant's Motion for Summary Judgment must be granted.