**William M. McNABB, Kenneth Sudzinski, James Keeney, Duane Holcomb, Anthony Montana, John Okoniewski, Richard Kulesza, Henry Andrachick, Melvin Dube, Richard Vandewiele, and Stanley Karfis, on behalf of themselves and others similarly situated, Plaintiffs,**

v.

**MICHIGAN CONSOLIDATED GAS CO., a Michigan corporation, Defendant.**

Civ. A. No. 86–70455.

United States District Court, E.D. Michigan, S.D.

March 4, 1987.

Lynn H. Schecter, Roy, Schecter and Vocht, P.C., Birmingham, Mich., for plaintiffs.

Robert P. Young, Jr., Dickinson, Wright, Moon, & Freeman, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs, employees or retirees of Michigan Consolidated Gas Company ("Mich-Con" or "defendant"), claim that defendant violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001–1461, the Elliott-Larsen Civil Rights Act ("Elliott-Larsen Act"), Mich.Comp.Laws §§ 37.2201–37.2211, and the Michigan law of contract and promissory estoppel by unilaterally reducing life insurance benefits. Defendant moves for summary judgment. I have jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441.

MichCon maintains group life insurance for its employees and retirees, and pays the premium for a basic level of benefits. Employees desiring additional coverage under the group policy must pay for it themselves. Prior to 1979, MichCon maintained a group policy with John Hancock Life Insurance ("old Hancock plan"). In 1979, Hancock and MichCon developed a new policy ("new Hancock plan"), and gave Mich-Con's employees and retirees their choice of plans. Plaintiffs elected the old Hancock plan.

In 1983, MichCon terminated the Hancock plans and obtained a policy from Union Mutual Stock Life Insurance Company of America ("Union Mutual plan"). The plan provides basic benefits lower than those provided under either Hancock plan. MichCon enrolled plaintiffs, and all employees, except those who reached age 55 by March 1, 1983 or retired by August 1, 1983, in the Union Mutual plan. Plaintiffs claim this wrongfully deprived them of higher basic benefits under the old Hancock plan.

## I. ERISA

■ Plaintiffs claim erroneously that ERISA prohibits an employer's unilateral reduction of life insurance benefits. Welfare benefits are exempt from ERISA's vesting requirements. 29 U.S.C. §§ 1002(1), 1051(1). Unless an employer binds himself by contract or estoppel to

provide welfare benefits, he may unilaterally reduce or eliminate them. *In re White Farm Equipment Company,* 788 F.2d 1186, 1193 (6th Cir.1986). *Cf. Phillips v. Amoco Oil,* 799 F.2d 1464, 1474 (11th Cir. 1986) ("ERISA ... does not prohibit a company from eliminating previously offered benefits that are neither vested nor accrued.").

## II. CONTRACT AND PROMISSORY ESTOPPEL

■ ERISA preempts state law of contract and estoppel, and mandates application of federal common law. *White Farm,* 788 F.2d at 1191; *Holliday v. Xerox,* 555 F.Supp. 51, 55 (E.D.Mich.1982) (Feikens, C.J.), *aff'd,* 732 F.2d 548 (6th Cir.), *cert. denied,* 469 U.S. 917, 105 S.Ct. 294, 83 L.Ed.2d 229 (1984). Because there is no substantial body of federal common law on these subjects, state principles must inform my decision. *Holliday,* 555 F.Supp. at 55. Under either state or federal common law, the issue is the same: did MichCon bind itself to continue plaintiffs' life insurance under the old Hancock plan?

Plaintiffs rely on an election each signed in 1979 to remain with the old Hancock plan:

> After receiving the computerized comparison of my personal benefits under both the present, as well as new benefit program, I hereby elect to participate in the program checked below. I understand that this decision is irrevocable and that once made cannot be changed at a later date.

Affidavit of Kathleen Sullivan (Oct. 9, 1986), Exhibit D. Plaintiffs' reliance is misplaced. The election does not purport to bind MichCon; it requires plaintiffs to make a choice between benefit plans. Moreover, MichCon did not sign the election forms.

Plaintiffs also rely on benefit summaries sent to plaintiffs by MichCon. The summaries accurately state plaintiffs' benefits under the old Hancock plan, but they do not include a definite promise from MichCon to continue benefits under that plan. Without a definite promise, I cannot bind MichCon. *Motobecane America, Ltd. v. Patrick Petroleum Co.,* 791 F.2d 1248, 1251 (6th Cir. 1986) (no promissory estoppel without a definite promise); *Hamilton v. Travelers Insurance Co.,* 752 F.2d 1350, 1351 (8th Cir.1985) (no contract where plan documents contained no "statement which could conceivably be read as creating an obligation on the part of [the employer] to provide health insurance benefits to [plaintiff].").

Plaintiffs finally ask me to infer an obligation from the absence of an explicit recital in benefit and plan summaries of MichCon's right to reduce or terminate life insurance benefits. MichCon's right does not depend upon whether it explicitly recites it in every plan document; the dispositive inquiry is whether MichCon intended to reserve the right "in light of all the circumstances bearing upon the issue." *White Farm,* 788 F.2d at 1193. *Cf. UAW v. Yard-Man, Inc.,* 716 F.2d 1476, 1479 (6th Cir.1983) (whether insurance benefits for retirees survive expiration of a collective bargaining agreement depends upon the intention of the union and the employer as expressed in the collective bargaining agreement), *cert. denied,* 465 U.S. 1007, 104 S.Ct. 1002, 79 L.Ed.2d 234 (1984).

■ The statements summarizing plaintiffs' benefits caution:

> [T]his statement cannot be considered a promise as to what might be payable in specific circumstances. The final determination of the benefits payable must be governed by the applicable plans, policies, and procedures.

MichCon Motion for Summary Judgment, Exhibit 4. The Hancock policy explicitly reserves MichCon's right:

> This policy may be amended to [sic] terminated at any time by written agreement between the Insurer and the Policyholder.
>
> . . . .

No amendment, renewal or termination of this policy shall require the consent of or notice to any employee or beneficiary or other person having a beneficial interest herein.

Sullivan Affidavit, Exhibit A. This reservation, coupled with the lack of a definite promise to continue benefits under the old Hancock plan, authorized MichCon's unilateral reduction of life insurance benefits. *Cf. Cattin v. General Motors,* 641 F.Supp. 591, 595 (E.D.Mich.1986) (Feikens, J.) (employer legitimately terminated non-vested early retirement benefits because it reserved the right " 'to amend, modify, suspend, or terminate the Program in the future' ").

## III. AGE DISCRIMINATION

ERISA may preempt plaintiffs' age discrimination claim. *See* 29 U.S.C. § 1144(a); *Nolan v. Otis Elevator,* 102 N.J. 30, 505 A.2d 580 (1986) (ERISA preempts state age discrimination action to the extent the state's limitations period exceeds the 300 day period under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634), *cert. denied,* —— U.S. ——, 107 S.Ct. 84, 93 L.Ed.2d 38 (1986). *Cf. Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (ERISA does not preempt state sex discrimination action unless the action prohibits conduct that federal civil rights statutes permit). I need not decide the issue because plaintiffs' claim fails on its merits.

■ Plaintiffs, all of whom are over fifty years old, complain that the benefit reduction fell more heavily on them than on younger employees because the cost of supplemental life insurance increases with age. The Elliott-Larsen Act does not require that employers alter actuarial reality. MichCon satisfied the Act by providing the same life insurance coverage for all employees, regardless of age. *Cf. Germann v. Levy,* 553 F.Supp. 700 (N.D.Ill.1982) (employer did not violate ADEA by covering all employees under group life insurance plan providing for benefits that decreased as age increased).

## IV. DISPOSITION

Accordingly, MichCon's motion for summary judgment is GRANTED.

IT IS SO ORDERED.