George A. PETERSEN, W.B. Lewis, Norman A. Wallen, R.W. Lowrey, Dave W. Dumas, F.R. Growe, C.D. Domigan, R.B. Beavers, Harry K. Lake, C.W. Shy, W.L. Larson, I.V. Fazel, Robert B. Billingsley, William C. Mell, Calvin E. Donahue, Kenneth Hagey, Plaintiffs,

v.

GRAND TRUNK WESTERN RAILROAD COMPANY, a Michigan corporation, successor to Detroit Toledo and Ironton Railroad Company, a Delaware corporation now defunct, Defendant.

Civ. A. No. 87–72875.

United States District Court, E.D. Michigan, S.D.

April 4, 1988.

---

**650**

Abel J. Selburn, Birmingham, Mich., for plaintiffs.

Mary P. Sclawy, Detroit, Mich., for defendant.

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs, retirees of defendant Grand Trunk Western Railroad Company (Grand Trunk), claim defendant violated the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. 1001–1461, and Michigan law of contract by reducing health insurance benefits. I have jurisdiction pursuant to 29 U.S.C. 1132(e). I presided at a bench trial. At the close of plaintiffs' evidence defendant moved for a dismissal.

Plaintiffs are former employees of Grand Trunk who accepted early retirement at various times in 1982, 1986, and 1987. Plaintiffs claim that their health insurance benefits are vested and nonforfeitable, and that defendant breached a contract that limited the amount plaintiffs would have to pay for health insurance.

Upon retirement, the 1982 retirees were paying $11 for individual coverage and $22 for coverage including a dependent. In 1983 defendant raised plaintiffs' portion of the premium to approximately $21 and $42 respectively, and in 1987 to $107 and $200. The percentage plaintiffs were paying towards the total cost of the premium went from 17% in 1982, to 24% in 1983, and to 60% in 1987.

■ Plaintiffs erroneously claim that the increase violates ERISA. The group health insurance plan ("the Plan") is a welfare benefit plan as defined in ERISA. 29 U.S.C. 1002(1). Welfare benefits are exempt from ERISA's vesting requirements. 29 U.S.C. 1051(1). *Hansen v. White Motor Corp. (In re White Farm Equip. Co.)*, 788 F.2d 1186, 1193 (6th Cir.1986); *McNabb v. Michigan Consol. Gas Co.*, 656 F.Supp. 866, 867–68 (E.D.Mich.1987) (Feikens, J.). Unless an employer binds himself by contract or estoppel he may unilaterally reduce or eliminate welfare benefits. *Hansen, supra* at 1193; *McNabb, supra* at 867–68.

Plaintiffs introduced various writings purporting to establish a contract between defendant and plaintiffs and testimony of oral representations purporting to bind defendant by estoppel.

Plaintiffs allege that there is a contract between Grand Trunk and the 1982 retirees prohibiting Grand Trunk from increasing

their cost of health insurance.[1] To support this assertion plaintiffs rely upon a letter sent to the 1982 retirees informing them of the terms of their early retirements. The letter stated that "There is a charge of $22 per month for health insurance coverage for you and your wife." Plaintiffs' Ex. 5.

■ I do not find that this letter constitutes a promise not to raise the premium charged the 1982 retirees. On the contrary, the language states that the charge "is", not that it "will be" that amount in the future. Reliance upon the word "is" alone is a slim reed upon which to rest the weight of the argument that defendant promised not to increase the premiums.

Plaintiffs admit that as to the 1986 and 1987 retirees, defendant may increase the premiums.[2] They assert, however, that as to all the retirees defendant promised that the cost would be modest or minimal.

To support this assertion plaintiffs rely on a Non–Schedule Employee Benefits Handbook (Handbook) issued by defendant which reads:

[Health insurance] Upon your retirement, you may continue coverage at a modest charge.

\* \* \* \* \* \*

When you retire you may elect to continue to participate in this Group Health Insurance Plan. If you so elect, a minimal monthly contribution is required to maintain coverage for you and your eligible dependants.

Handbook pp. 3–1 & 6–48, Plaintiffs' Exs. 3 & 4.

The Handbook provided, however, that if there were discrepancies between it and the Plan, the Plan would control.[3]

The Plan placed no limitations on the retiree's contribution towards the cost of health insurance. It stated merely that "a Retired Employee is required to contribute toward the cost of his insurance under this policy." Stipulated. The Plan also provided that it could be amended to terminate the health insurance:

The insurance with respect to any individual Employee shall terminate as of the earliest date determined in accordance with the following provisions: ...
(b) the date this policy is amended to terminate the insurance....

Stipulated.

Aside from the Handbook, whose conflicting terms are superseded by the Plan, plaintiffs rely on a summary of the benefits provided by defendant. The summary states that "When you retire, this health protection may be continued by paying a minimal portion of the monthly premium." Plaintiffs' Ex. 2.

I cannot find that the terms "minimal" or "modest" prevent defendant from doing what it did here. The cost of the premiums for health insurance which plaintiffs paid went from $11 and $22 in 1982, to $107 and $200 in 1987. The total premium paid by Grand Trunk went from approximately $127 in 1982, to $400 in 1987. The increase in the retirees' portion of the premiums went from 17% to 60%. Plaintiffs argue that I should look only at the increase and find that their cost is not minimal or modest.

I find more persuasive defendant's position that I should also look at the cost of alternative health insurance in determining whether the plaintiffs' cost is minimal or modest. Plaintiffs presented no evidence that alternative health insurance was available at a lesser cost. Defendant asserts that plaintiffs could not have procured, even in 1987, comparable health insurance at a lower cost. In fact, defendant offered an alternative health insurance plan at a

---

1. Plaintiffs admit that the alleged contract with the 1986 and 1987 retirees allowed for increases in the premiums paid by the retirees.

2. The letter to the 1986 and 1987 retirees informing them of the terms of their early retirement stated that "the current cost" of the health insurance premiums was $42.20. Plaintiffs' Ex. 11.

3. Handbook at 6–48, Plaintiffs' Ex. 4:
Important: If any discrepancy arises between this summary of the Group Health Insurance Plan and the actual Plan itself, the actual Plan shall control.

lesser cost. Plaintiff's Ex. 8. None of plaintiffs elected that alternative insurance.

Furthermore, I think that plaintiffs' cost should be evaluated in terms of the average cost. From 1982 to 1987, plaintiffs paid approximately one-third of the total cost of the health insurance premium. I do not find that this is not minimal or modest.

Additionally, the Plan provides that health insurance benefits may be terminated. In *McNabb* I held that the reservation of the right to terminate benefits, coupled with the lack of a definite promise to continue benefits, permitted defendant to unilaterally reduce plaintiffs' life insurance benefits. *Supra* at 868–69. My ruling in *McNabb* applies to this case. Grand Trunk has reserved the right to terminate the health insurance plan. Plaintiff has produced no evidence permitting me to find that Grand Trunk explicitly promised to continue the benefits. Under *McNabb*, I hold that Grand Trunk has the right to unilaterally reduce the health insurance benefits.

Plaintiffs also claim that Grand Trunk is bound by estoppel from raising the premiums. Plaintiffs rely on oral representations made by Jack Vast–Binder, defendant's director of compensation and benefits. I assume that Vast–Binder had the authority to bind defendant. Representatives from the three groups of retirees all testified that Vast–Binder never promised that defendant would not increase the premium. To the contrary, the only plaintiff who testified that he had asked Vast–Binder about the cost of insurance, stated that Vast–Binder said that the premiums could be increased. Viewing the evidence in the light most favorable to plaintiffs, I find that Grand Trunk did not bind itself by promissory estoppel not to raise the premiums.

Viewing all the evidence in a light most favorable to plaintiffs, they have failed to establish that Grand Trunk is bound by contract or promissory estoppel not to increase the premiums charged plaintiffs for health insurance.

Accordingly, defendant's motion for a dismissal at the close of plaintiff's case is GRANTED.

IT IS SO ORDERED.