### PEOPLE *v.* UPTON.

*(Supreme Court, General Term, Fourth Department.* February, 1890.)

1. MALICIOUS TRESPASS—WARRANT.

  Under Code Crim. Proc. N. Y. § 56, subd. 18, which gives the court of special sessions jurisdiction over "malicious trespass on lands, trees, or timber," a warrant issued out of that court charging defendant with having committed "malicious trespass" on designated land is sufficient, without stating the circumstances of the offense.

2. SAME—EVIDENCE—SEVERAL TORT-FEASORS.

  On trial for malicious trespass, evidence that a number of young men, among whom was defendant, threw fire-crackers under the horses of the prosecuting witness while plowing on his land, that they threw his wagon and plow into a pond on his land, and obstructed a race-way leading to the pond, is sufficient to warrant a conviction of defendant. All having united in the trespass, each is responsible therefor.

3. CRIMINAL LAW—APPEAL—ERRORS CURED.

  An error in the admission of evidence as to another trespass, with which defendant was not shown to have been connected, is cured by striking it out as soon as requested by defendant, and thereafter excluding all further evidence as to that trespass.

4. SAME—INDEFINITE EXCEPTIONS.

  Where the court in its charge has defined "malicious trespass" as the entering on another's property with a malicious intent to do injury, an exception to "that part of the charge defining trespass as the entering on land of another with malicious intent" is not sufficiently definite and specific to entitle defendant to a review of the charge.

Appeal from court of sessions, Tompkins county.

On the 29th day of May, 1888, Simeon Smith made complaint to M. N. TOMPKINS, Esq., a justice of the peace, and in the complaint stated, among other things, viz.: "That the defendant, Daniel Upton, at divers times be-

tween the 1st day of May, 1888, and the making of this deposition, at the town of Ithaca, in said county, did commit the crime of malicious trespass upon lands owned, occupied, or possessed by Jeremy Smith, of said town; and more particularly on or about the 17th day of May, 1888, did commit said crime upon said lands by maliciously coming upon said lands, and throwing fire-works and explosives thereon, and unlawfully and wrongfully interfering with said Smith's personal property thereon, and removing the same, to his damage, and by maliciously and unlawfully obstructing, injuring, and destroying a race-way and other water-rights of said Smith on said lands." On the 29th of May, 1888, the justice issued a warrant for the arrest of the accused, containing the following language: "Information upon oath having been this day laid before me, that the crime of malicious trespass upon lands owned or occupied by Jeremy Smith, in the town of Ithaca, in said county, has been committed, and accusing Daniel Upton thereof."

At the trial in the court of special sessions it appeared that, while complainant was plowing on his land, a number of young men, among them defendant, threw explosives, fire-crackers, etc., under his horses; that they then attached a rope to his wagon and plow, and dragged them down to a pond; and that they obstructed a race-way leading to the pond. There was a verdict of guilty, and the court of special sessions imposed a $50 fine on defendant. He then appealed to the court of sessions, where the judgment was affirmed, and he then took this appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*George B. Davis,* for appellant.　　*Jesse H. Jennings,* Dist. Atty., for respondent.

HARDIN, P. J.　1. We think the warrant was sufficient in form, and that there was no error in overruling the objections taken to the sufficiency thereof. Section 151, Code, Crim. Proc. It stated an offense in respect to which the magistrate has authority to issue a warrant, and as to which he has jurisdiction. Section 152, Code Crim. Proc. It was not necessary to set up in the warrant the circumstances of the offense. *Atchinson* v. *Spencer,* 9 Wend. 62; *Kilmer* v. *Wilson,* 49 Barb. 87. Section 56 of the Code of Criminal Procedure confers jurisdiction upon courts of special sessions to hear and determine charges of misdemeanors, and among other crimes enumerated as prescribed in subdivision 18 of the section, viz.: "Malicious trespass on lands, trees, or timber, or injuring any fruit or ornamental or shade trees." (The amendment in this subdivision, in 1889, cannot relate to the question in this case.) By section 640 of the Penal Code it is provided that "a person who willfully * * * intrudes * * * within the limits of any lot or piece of land within any incorporated city or village, without the consent of the owner, or within the boundary of any street or avenue within such city or village," is punishable by imprisonment not exceeding six months, or a fine not exceeding $250, or both. · By section 646 of the Penal Code, it is provided, viz.: "A person who maliciously injures or destroys any standing crops, grain, cultivated fruits, or vegetables, the property of another, in any case for which punishment is not otherwise prescribed by this Code or by some other statute, is guilty of a misdemeanor." In *People* v. *Smith,* 5 Cow. 258, is was held, viz.: "Acts injurious to private persons, which tend to excite violent resentment, and thus produce a disturbance of the peace, are indictable." In *Loomis* v. *Edgerton,* 19 Wend 419, it was held, viz.: "Malicious mischief done to any kind of property is a misdemeanor, and the party doing the injury may be prosecuted criminally." The two cases which we have last cited were approved and followed in *People* v. *Moody,* 5 Parker, Crim. R. 568.

2. Bishop on Criminal Law says, (volume 1, § 264, p. 302,) viz.: "Where several persons unite for the accomplishment of one object, all are responsi-

ble for what is done in concert. Therefore many may be criminal together for a thing performed by the physical volition of one." We think the evidence given upon the trial was entirely sufficient to connect the defendant with the acts constituting the offense complained of. It was competent to give the incidents, details, and circumstances of the acts, with a view of establishing the intent of the perpetration of the principal acts constituting the offense.

3. In the course of the examination of Jeremy Smith in chief, he stated that, when the young men came upon the premises, he was by them "rotten egged," and that he was on that occasion upon his own premises. Thereupon an objection was made in respect to the evidence, and the defendant "asked it to be stricken out." Thereupon the court remarked, viz.: "I will strike it out," and, when the further question was made in respect to that circumstance, it was objected to, and the objection was sustained. We think the ruling eliminated that circumstance from the case.

4. In the course of the charge delivered by the justice to the jury, he remarked, viz.: "A malicious trespass, gentlemen, is the entering upon another man's property, or property that he is in possession of, with a willful, malicious intent to do injury; so that the charge we are here to try against this defendant is that he has entered upon the lands of the complainant, Mr. Smith, and has committed an injury to his property, and has done it with the intent to injure him." At the close of the charge the defendant's counsel took an exception in the following language, viz.: "I desire to except to that part of your honor's charge where you define 'trespass' that it was entering upon the land of another with malicious intent." The language of the exception is not specific and accurate in its enumeration of the language used in the charge. Considering the language of the charge in connection with the language specified in the exception, in connection with all the language found in the body of the charge, we think the defendant's rights were not prejudiced by the charge, and that the exception taken was not sufficiently definite and specific. In reviewing the judgment of the court of special sessions, it is the duty of the court of sessions of the county to "give judgment without regard to technical errors or defects which have not prejudiced the substantial rights of the defendant." Code Crim. Proc. §§ 542, 764. Judgment of the court of sessions of Tompkins county affirmed, and the clerk directed to enter judgment, and remit a certified copy thereof, with the return and decision of this court, to the court of sessions of Tompkins county, pursuant to sections 547 and 548 of the Code of Criminal Procedure. All concur.