## Queens County Court.

January, 1899.

### PEOPLE v. JACOB MEYER.

1. SIDEWALK — BICYCLE.

The act of willfully riding a bicycle, by any person, upon a sidewalk, without authority or necessity, whether in a village, city or the country, is a violation of section 652 of the Penal Code.

2. SAME —BURDEN OF PROOF.

The burden is on the people to prove that the defendant willfully rode a bicycle along upon a sidewalk without authority or necessity.

3. BICYCLE — CONVICTION.

A conviction, under section 652 of the Penal Code, cannot be sustained where there is no evidence that the road was a public highway.

APPEAL from judgment of conviction by court of special sessions.

Potter & Miner, for appellant.

Wm. J. Youngs, District Attorney, for the People.

MOORE, J. — Jacob Meyer was charged, upon the information and deposition of Eugene Hunt, made before James M. Seaman, a justice of the peace of the town of Hempstead, in Queens county, with a violation of section 652 of the Penal Code, in that on the 6th day of August, 1898, he did willfully and without authority ride a bicycle upon the sidewalk on Bellmore avenue. A warrant was issued by the justice, and the defendant was arrested, and brought before him on the 9th day of August, 1898. The return shows that the justice informed the defendant of all his rights under sections 57, 59, 188, 189, and 211 of the Code of Criminal Procedure, and complied with the sec-

tion himself. The defendant then pleaded not guilty, and the hearing was thereupon adjourned till the 12th day of August, 1898. On the adjourned day, the complainant appeared in person, and the defendant in person, and also by his father. He elected to be tried at a court of special sessions, and the trial proceeded. Witnesses were produced, sworn, and examined by the people, and in behalf of the defendant. He was convicted and sentenced to pay a fine of $50, and to be imprisoned in Queens county jail until paid, not exceeding fifty days. The defendant appealed to the county court.

No objection was made to the sufficiency of the information, deposition, warrant, or to the regularity of any of the proceedings preliminary to or upon the trial, nor to the reception or rejection of any evidence. Many errors are assigned in the defendant's affidavit on which the appeal was allowed, and the justice has made a full return of all the proceedings and all of the evidence in the case. The record therefore brings here for review no ruling of the court below upon any of the numerous matters assigned as errors of that court. People v. Moore, 50 Hun, 356, 3 N. Y. Supp. 159; People v. Upton, 55 Hun, 612, 9 N. Y. Supp. 684.

The defendant has waived right to object now, for the first time, that the charge was made against, and the warrant issued for, the arrest of "Jesse Meyer," whereas his name is "Jacob Meyer." People v. Justices of Court of Special Sessions, 13 Hun, 533, affirmed in 74 N. Y. 406.

The same rule would seem to dispose of all the matters assigned as error in the court below by the defendant's affidavit, except that of insufficiency of the evidence, and that the act complained of was not a violation of section 652 of the Penal Code. There can be no doubt, I think, that the act of willfully riding a bicycle, by any person, upon a sidewalk, without authority or necessity, whether in a village, city, or the country, is a violation of that section of the Code. The burden was on the people to prove that the defendant willfully rode a bicycle along upon a sidewalk without authority or necessity. Riding a bicycle on and along upon the sidewalk evidence intention on the part of the rider to do the act. He must be presumed to

know the law which denounces the act, when done willfully, without authority or necessity, as a misdemeanor; and intentionally doing it with such knowledge is doing it willfully and wrongfully, within the meaning of the Code. Two classes of ways are known to the law,—the public way and the private way. The former the law calls a "highway," and the latter a "private road." A highway is what the name signifies, — a way for public travel; i. e. a public road. The private road is a way for the exclusive use for travel by a particular person or particular persons. It is not for public use in any sense. Over private roads the highway authorities have no control. Highways are under the care and superintendence of the proper public authorities. The use of highways is regulated by the common law and such statutes as the legislature may have enacted for that purpose. The legislature, by the highway law, has authorized local highway authorities to adopt and enforce local rules regulating the use of highways within their jurisdiction. Highway Law, § 163. The sidewalk is as much a part of the highway as the traveled wagon way is; and it is under the care, superintendence, and regulation of the same authorities. Enterprising real-estate owners, throughout this country, have thrown open thousands of acres of land, mapped it, laid it out into lots, streets, and avenues, and have sold many of these lots to persons who have built dwellings upon them. Along these streets and avenues sidewalks have been constructed. Some of the streets and avenues have become highways by the acceptance of the highway authorities, and still others by user. Thousands of others are yet private property, over which public authorities have no control whatever. The word "sidewalk," used in section 652 of the Penal Code, means a sidewalk along a highway. The evidence returned by the justice on this appeal does not show that Bellmore avenue was a highway. In so far as the evidence discloses, it may be private property. It was essential for the people to prove that the sidewalk upon and along which the defendant drove his bicycle was, at the time, a highway. It follows that the judgment of conviction must be reversed.

Judgment reversed.