337 A.2d 243.

## May E. Lally *vs.* Automobile Mutual Insurance Company of America *et al.*

MAY 8, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. The plaintiff, the named insured under an automobile liability policy issued by defendant, sues under the policy's medical payments[1] and uninsured motorists[2] provisions to recover for damages suffered when she was struck by an uninsured vehicle as she was walking on the sidewalk on Norwood Avenue in the city of Cranston on May 14, 1971. The case was tried before a judge and jury in the Superior Court, and at the close of the plaintiff's case the defendant's motion for a directed verdict was granted. The plaintiff appealed.

The medical payments and uninsured motorists provisions of the policy sued upon exclude from their coverage, in substance, bodily injury sustained by the named insured through being struck by equipment designed for use prin-

---

[1]Under the "medical payments" provision, defendant obligates itself:

"To pay all reasonable expenses * * * for necessary medical * * * services * * * [t]o or for the named insured * * * who sustains bodily injury * * * caused by accident * * *.through being struck by an *automobile* * * * of any type." (Emphasis added.)

Excluded from coverage is:

"* * * bodily injury * * * sustained by the named insured·* * * through being struck by (1) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads * * *."

[2]The "uninsured motorists" provision requires the insurer:

"To pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured *automobile* because of bodily injury * * *." (Emphasis added.)

In this provision an "uninsured automobile" is defined as not including:

"(5) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads."

cipally off "public roads," unless at the time of the accident causing those injuries an ordinarily excluded vehicle was operating on a "public road." The questions generated by this appeal are whether those exclusions apply in this case 'and, if not, whether the vehicle causing plaintiff's injuries was an "automobile" within the contemplation of the recovery provisions upon which plaintiff bases her claims.[3]

The plaintiff was struck by what for want of a better characterization may be described as a "go-cart." It was a simple, homemade contraption, which the operator steered by manipulating the front axle with his feet. It lacked lights, directional signals, a rearview mirror, a horn, and a proper braking system. It was constructed of plywood, two-by-fours, and wheels, and had an old lawn mower engine attached in the back, which may or may not have been operational at the time plaintiff was injured.

A vehicle thus designed and constructed, even if not built by children, in our opinion could only be regarded reason-ab'y as a recreational vehicle designed for use in areas remote from ordinary vehicular traffic by children too young, presumably, to obtain operators' licenses needed to drive conventional automobiles. Indeed, plaintiff makes no assertion that the go-cart was designed or intended to be used in places other than sidewalks, private driveways, and the like, but contends instead that a sidewalk is part of a "public road" as that term is used in either the main portions or the provisos of the exclusionary clauses.

In testing that contention we are mindful of cases holding that for some purposes a sidewalk is as much a part of a highway or public road as is the area between the curbings designed principal'y for vehicular traffic. *See, e.g., Martinovich y. Wooley,* 128 Cal. 141, 60 P. 760 (1900); *City of Frankfort v. Coleman,* 19 Ind. App. 368, 372, 49

---

[3]*See* notes 1 and 2.

N.E. 474, 475 (1898); *People* v. *Meyer,* 26 Misc. 117, 119, 56 N.Y.S. 1097, 1099 (1899); *Kobelinski* v. *Milwaukee & Suburban Transp. Corp.,* 56 Wis.2d 504, 510, 202 N.W.2d 415, 419 (1972). These cases, however, do not involve the construction of the term "public road" as used in this or like insurance policies, but relate to particular legislative enactments regulating the use, maintenance, and care of roads or highways. Here, in contrast, our concern is only with what the parties meant by the term "public road." It is, after all, a term of common parlance and must therefore be accorded its plain, ordinary, and usual meaning, *Aldcroft* v. *Fidelity Cas. Co.,* 106 R. I. 311, 321, 259 A.2d 408, 415 (1969); *Nagy* v. *Lumbermens Mut. Cas. Co.,* 100 R. I. 734, 737, 219 A.2d 396, 398 (1966), and be deemed to have been "* * * written in the sense in which the insurer had reason to believe it would be interpreted by the ordinary reader and purchaser." *Joslin* v. *Aetna Life Ins. Co.,* 67 R. I. 261, 265, 21 A.2d 550, 552 (1941).

Used in this context a "public road" connotes that portion of the public way ordinarily used for vehicular traffic, in contradistinction to the "sidewalk" area between the curb lines and adjacent property lines customarily designed for and used by pedestrians. In our view, this is undoubtedly the meaning that an average reader or purchaser of a policy like the one in issue would attribute to that term. Certainly, it is the one he would intend to convey if he told his child to walk on the sidewalk and stay out of the road. Accordingly, it is our conclusion that this language, as used in these circumstances, ought to be so construed, *Joslin* v. *Aetna Life Ins. Co., supra,* and that the exclusions apply. Because that determination is dispositive of this case, we do not reach the question of whether the go-cart causing the injuries was an "automobile"—a fact the parties dispute—within the meaning of the uninsured motorists and medical payments provisions of the policy in issue.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*Gunning, LaFazia, Gnys & Selya, Inc., Raymond A. LaFazia,* for plaintiff.

*Hanson, Curran, Bowen & Parks, A. Lauriston Parks, David P. Whitman,* of counsel, for defendant, Factory Mutual Liability Insurance Company.