This is an appeal from a summary judgment upholding the validity of a completed operations hazard exclusion contained in a standard general liability policy.
Effective October 1, 1976, to the present, United States Fidelity Guaranty Co. (USF G) issued a general liability insurance policy to A.D. Turner, individually, and Turner Welding Repair Company, Inc. (Turner Welding). The policy provided the following coverage:
 "The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage
 to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit against the Insured seeking damages *Page 1027 
on account of such bodily injury or property damage. . . ."
(emphasis in original)
Because Turner elected not to purchase coverage for the completed operations hazard, the policy contained a standard endorsement which excluded coverage for
 "bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned or rented to the Named Insured. "Operations" include materials, parts or equipment furnished in connection therewith."
(emphasis in original)
While covered by this policy, Turner Welding contracted with the Dixie Bronze Company to remove existing crane runways on a building and install two overhead cranes and fabricated runways in their place. It is undisputed that Turner Welding completed this job by December 1, 1980.
On December 2, 1980, two employees of Irondale Fabricators were injured when a portion of the Dixie Bronze building or roof collapsed. They filed separate lawsuits against several contractors, and Turner Welding was later added as a party defendant based upon the allegation that Turner Welding negligently constructed, maintained, designed, or erected that portion of the building on which the employee was working at the time of the accident.
USF G then brought a declaratory judgment action in Jefferson Circuit Court, alleging that because of the completed operations hazard exclusion in the subject policy, it had no duty to defend either Turner or Turner Welding nor to pay any judgment or settlement arising out of the two personal injury suits in which the insured Turner Welding had been added as a defendant.
Turner and Turner Welding filed an answer which alleged that conflicting clauses and/or ambiguities in the policy entitled them to coverage, defense, and indemnification in the personal injury suits brought against Turner Welding.
Both sides filed motions for summary judgment based upon the pleadings and the deposition of Turner. Counsel for both sides represented to the circuit court that no facts were in dispute, and the court granted summary judgment in favor of USF G. Turner and Turner Welding then filed a notice of appeal to this Court.
Because Turner and Turner Welding stipulated that the occurrences which form the basis of the two personal injury suits fall squarely within the completed operations hazard exclusion, the sole issue presented for review is whether as a matter of law this exclusion is valid and enforceable when read in tandem with exclusion (a)[1] of the subject policy.
Exclusion (a), which denies coverage for contractual liability assumed by the insured, provides in pertinent part that
 "this exclusion does not apply to a warranty of fitness or quality of the Named Insured's products or a warranty that work performed by or on behalf of the Named Insured will be done in a workmanlike manner. . . ."
(emphasis in original)
Appellants contend that because this language allegedly implies coverage which is inconsistent with the completed operations hazard exclusion, we should construe the policy in a manner which will resolve all ambiguities in favor of broad coverage.
In Alabama, insurers have the right, absent statutory provisions to the *Page 1028 
contrary, to limit their liability and write policies with narrow coverage. Aetna Ins. Co. v. Pete Wilson Roofing Heating Co., 289 Ala. 719, 272 So.2d 232 (1972). Thus, although the presence of an ambiguity in an insurance contract requires construction of the policy in a manner most favorable to the insured, Employers Ins. Co. of Alabama v. Jeff Gin Co.,378 So.2d 693 (Ala. 1979), where there is no ambiguity in its terms, this Court must enforce the contract as written and cannot defeat express provisions in the policy, including exclusions, by making a new contract for the parties.Westchester Fire Ins. Co. v. Barnett Millworks, Inc.,364 So.2d 1137 (Ala. 1978). To arrive at a construction reasonably calculated to accomplish the intent and purpose of the parties, moreover, we cannot construe a sentence in the policy in isolation, but rather we construe it in connection with other provisions of the policy. Smith v. Kennesaw Life AccidentIns. Co., 284 Ala. 12, 221 So.2d 372 (1969).
Although the validity of the completed operations hazard exclusion presents a case of first impression for this Court,[2]
our decisions upholding the validity of a similar provision, the products hazard exclusion, control the outcome of this case as well.
The products hazard exclusion, which was also included in the policy now before us, typically denies coverage for bodily injury and property damage caused by the insured's products where the harm occurs away from the insured's premises and after physical possession of the products has been relinquished to others. In Aetna Ins. Co. v. Pete Wilson Roofing HeatingCo., 289 Ala. 719, 272 So.2d 232 (1972), this Court upheld the validity of this exclusion in spite of the seemingly inconsistent language of exclusion (a). The majority of other jurisdictions have adopted our holding in the Pete Wilson case as precedent for their decisions upholding the validity of products hazard exclusions when read in conjunction with the standard form exclusion (a). See, e.g., Biebel Bros., Inc. v.United States Fidelity Guar. Co., 522 F.2d 1207 (8th Cir. 1975); LaMarche v. Shelby Mut. Ins. Co., 390 So.2d 325 (Fla. 1980). The Fifth Circuit, moreover, in Ketona Chem. Corp. v.Globe Indem. Co., 404 F.2d 181 (5th Cir. 1968), held that under Alabama law a completed operations hazard exclusion contained within a products hazard exclusion created no ambiguity in a standard liability insurance policy and was therefore valid and enforceable.
Because we consider the validity of the completed operations hazard exclusion to be the logical extension of our holding in the Pete Wilson case and its progeny, we hold that the completed operations hazard exclusion of the subject policy is valid and enforceable, thereby absolving USF G of any duty to defend Turner or Turner Welding in the two personal injury suits.
The summary judgment in favor of United States Fidelity 
Guaranty Company is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, EMBRY and ADAMS, JJ., concur.
[1] Appellants also argue that the collapse hazard exclusion (q)(2), which excludes coverage for structural property damage not included within the completed operations hazard exclusion, implicitly affords coverage for personal injuries inconsistent with the completed operations hazard exclusion. Yet because the policy defines the term "collapse hazard" to include only types of property damage, their reasoning is fallacious. We must therefore confine our decision to the alleged ambiguity between exclusion (a) and the completed operations hazard exclusion.
[2] Because our decisions in United States Fidelity Guar. Co.v. National Tank and Mach. Works, Inc., 402 So.2d 925 (Ala. 1981), and Southern Guar. Ins. Co. v. Scott, 289 Ala. 159,266 So.2d 602 (1972), reached only the definition of the term "completed operations" and did not address the validity of the exclusion itself, they have no relevance to the present case in which it is undisputed that all operations were "complete" at the time of the occurrences which form the basis of the personal injury suits.