Plaintiffs appeal a summary judgment entered in favor of the defendants in a suit claiming damages for breach of contract and bad faith refusal to pay an insurance claim. We affirm.
Prior to July 1983, Deborah Monninger[1] was employed by Serologicals, Inc., of Mobile, through which she obtained group health insurance for herself and her husband, Lawrence. The insurance plan was managed by Group Insurance Service Center, Inc. (GISC), and provided that coverage would end when employment was terminated.
On July 11, 1983, Lawrence injured his foot and he received treatment that day, incurring expenses of $126.50. He was not hospitalized. On July 15, 1983, Deborah terminated her employment with Serologicals and stopped paying premiums, thereby ending the health benefits coverage.
In the following weeks, Lawrence's condition worsened until, on August 3, 1983, he was hospitalized for complications. He was released on September 19, 1983, and his total medical expenses from July 11, 1983, to September 19, 1983, totaled $12,030.87. GISC reimbursed him for the $126.50 he incurred prior to the expiration of the policy, but denied reimbursement of the rest on the basis that coverage terminated before the expenses were incurred.
The Monningers filed suit against GISC, and later added Serologicals, to recover the balance of the medical expenses not paid by GISC. Their complaint also alleged bad faith refusal to pay and to investigate, and outrageous conduct.
GISC filed a motion to dismiss Deborah's claim for failure to state a claim upon which relief could be granted, stating that she was not a real party in interest. Lawrence then filed a motion for partial summary judgment on his breach of contract claim, supported by affidavits and a copy of the medical-dental expense policy issued by Serologicals. GISC and Serologicals moved for summary judgment on the ground that coverage terminated before the expenses were incurred. The trial court denied Lawrence's motion for partial summary judgment and granted GISC's motion to dismiss Deborah's claim. The court also granted summary judgment in favor of the defendants. This appeal followed.
The single issue on appeal is whether the insurance plan provided coverage of expenses incurred after the expiration date of the policy. All parties agree that the insurance was in force at the time of the accident, that the policy terminated on July 15, 1983, and that all expenses incurred before the expiration date were paid by GISC. The controversy arises over expenses directly related to the injury which were incurred after July 15, 1983. The policy clearly states that coverage for employees and their dependents will terminate on the date the employee ceases to make premium payments or terminates employment with Serologicals. The Monningers contend that a provision of the policy extended coverage of Lawrence's medical expenses beyond the policy termination date. They point to a definitional section of the "In Hospital Medical Expense Benefit":
"V. IN-HOSPITAL MEDICAL EXPENSE BENEFIT
 "The Company, upon receipt of the due proof that a Covered Person or Covered Dependent while covered for this Benefit is confined as a registered bed patient in a Hospital as a result of accidental bodily Injury or Sickness, will pay, after satisfaction of the plan deductible of $100.00 per person, per calendar year or a combined deductible of $200.00 per family, per calendar year, and further, subject to the limitations below, an amount equal to the reasonable and customary Physician's Fee incurred for *Page 43 
professional treatments during such confinement.
". . . .
"TREATMENTS AND SICKNESS:
 "Any one SICKNESS will include a recurrence of the SICKNESS or treatment for a condition due to the same or related cause unless the Eligible Person has returned to Active Service for not less than two consecutive weeks or for a Covered Dependent to return to Active Service for not less than three consecutive months. Treatment means a professional visit in which PHYSICIAN sees and examines the Eligible Person or Covered Dependent in person." (Emphasis added.)
The Monningers contend that the "Treatments and Sickness" provision is a saving clause to extend coverage beyond the termination date for in-hospital medical expenses directly related to an injury which occurs within the coverage period. We disagree.
The "In-Hospital Medical Expense Benefit" provision clearly applies only to those persons covered by the policy at the time of hospitalization. The Monningers' policy coverage expired on July 15, 1983, and Lawrence was first hospitalized on August 3, 1983 — twenty (20) days after his coverage ended. He was not a"covered person or covered dependent" at the time of hospitalization. Therefore, according to the plain words of the contract provision, Monninger is not eligible to recover under the "In-Hospital Medical Expense Benefit."
Furthermore, to construe this clause as extending coverage for the Monningers' medical expenses after July 15, 1983, is to take the language out of context and to ignore other parts of the insurance contract. We will not construe a sentence in isolation, but must read it in connection with other provisions of the policy. Turner v. United States Fidelity Guaranty Co.,440 So.2d 1026, (Ala. 1983). The Monningers' policy contains an "Extension of Benefits" clause in the section entitled "Eligibility, Effective Date Termination Date." It specifically provides:
"Extension of Benefits:
 "If the Coverage of an Eligible Person or Covered Dependent is terminated for any reason other than by termination of The PLAN, and if on the date his coverage ceased he is CONFINED in a HOSPITAL or EXTENDED CARE FACILITY, the Employer will pay the same amounts, in accordance with the provisions of The PLAN as though such CONFINEMENT had occurred while covered for this BENEFIT, for as long as that CONFINEMENT remains continuous and uninterrupted but not for charges incurred beyond the three consecutive months following the date of such termination of Coverage."
According to this provision, coverage is extended in one specific circumstance: where the individual is confined to a hospital or extended care facility on the date the coverage ends. The "Extension of Benefits" provision must be read in conjunction with the "Treatments and Sickness" clause; it cannot be ignored. Because Lawrence was not confined to a hospital or an extended care facility on the expiration date of the policy, he is not eligible for this particular extension of coverage.
Other jurisdictions have reached similar results. In Bartulisv. Metropolitan Life Ins. Co., 72 Ill. App.2d 267,218 N.E.2d 225 (1966), the Illinois Appellate Court dealt with a case involving a similar extension clause. The court held that the absence of any mention of coverage for medical expenses incurred after the policy terminated, except in a particular circumstance, is a clear indicator that there was no intention to provide such coverage in any other circumstance. Bartulis,72 Ill.App.2d at 271, 218 N.E.2d at 226.
The language of this policy is clear and, under Alabama law, where there is no ambiguity in its terms, an insurance contract must be enforced as written. Turner, supra. We cannot defeat express provisions, including exclusions, by rewriting the contract, Turner, nor by judicial interpretation. Butler v.Michigan Mutual Ins. Co., 402 So.2d 949 (Ala. 1981). *Page 44 
Therefore, we hold that by the written terms of the policy all coverage terminated on July 15, 1983, when the Monningers ceased to be eligible for policy coverage and discontinued payment of their premiums. The only extension of benefits available under this medical expense plan did not apply. GISC's refusal to recognize the Monningers' claim was not a breach of contract, and the trial court was correct in granting summary judgment in favor of the defendants. Consequently, we need not address the Monningers' other claims.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.
[1] Although the appeal was brought to this Court under the name"Deborah J. Monninger," some documents in the record indicate the spelling "Debrah J. Monninger."