MADDOX, Justice.
This appeal involves a question whether a term insurance policy was converted into a whole life policy prior to the insured’s death. The legal question is whether the trial court erred in granting summary judgment in favor of the insurer on the ground that the policy language was clear and unambiguous.
On September 15, 1979, Old Southern Life Insurance Company issued a term life insurance policy covering the life of Kenneth Strickland, plaintiff Brock’s son. That policy named Ms. Brock as beneficiary. It had a face amount of $5,000.00 and could be renewed annually for a premium of $15.00. The maximum term for the policy was seven years, with the expiration date being September 15, 1986. The face amount of the policy was “payable at death prior to the expiration date.”
On August 6,1986, Old Southern notified Ms. Brock by letter of the approaching expiration date. The letter stated that the policy could be converted into a whole life plan, paid up at age 65, and it contained this statement:
“If you are interested in this conversion of coverage, please complete the application and forward it to us along with the correct premium amount in the enclosed postage paid envelope we have provided for your convenience.”
It is undisputed that Ms. Brock did not complete the application and send any premium to the company prior to September 15, 1986. On September 23, 1986, Kenneth Strickland died. Approximately 30 days later, Ms. Brock wrote a letter to Old Southern requesting payment of death benefits. Old Southern refused to pay the benefits on the ground that the policy had lapsed eight days prior to Kenneth’s death.
Old Southern filed a declaratory judgment action against Ms. Brock and subsequently filed a motion for summary judgment, attaching the following items: an affidavit of the vice-president of Old Southern; a copy of the aforementioned letter from Old Southern to Ms. Brock explaining the conversion privileges; a copy of the death certificate of Kenneth Strickland; and a copy of the insurance policy and the application for that policy. Old Southern also filed a memorandum brief in support of its motion. Ms. Brock filed a motion in *869 opposition to the summary judgment, with an attached affidavit, in which she pointed out that the policy of insurance contained a 31-day grace period for paying the premium; she claimed that the policy automatically converted on September 15, 1986, and therefore, that she had until October 15, 1986,[1] to pay the premium.
The trial judge granted Old Southern’s motion for summary judgment and entered the following order:
“I have considered the pleadings and affidavits with their supporting exhibits in this case and find the Plaintiffs motion for Summary Judgment well taken. The Defendant rests her argument in favor of coverage in the provision entitled ‘automatic conversion’ (Form T-25R.) and ‘conversion privileges.’ The first does not apply to the undisputed facts of this case and the second does not create coverage under these facts.
“On its face, the ‘automatic conversion’ feature applies if the policy remains in force ‘on its anniversary date nearest the Insured’s twenty-fifth (25th) birthday.’ The death certificate shows the decedent Kenneth Earl Strickland was bom December 8,1961, so he would have been 25 on December 8, 1986. The first page of the policy states in capital boldface letters that the policy amount is ‘payable at death prior to expiration date’ (emphasis added [by trial court]). The expiration date was September 15, 1986, so on that date the original policy was not in effect and the automatic conversion feature did not apply. Since the Defendant does not dispute that she failed to give notice of her intent to convert the policy under the ‘conversion privileges’ clause, she cannot benefit from it.
“The Plaintiff’s motion for Summary Judgment is therefore granted.”
The gist of Ms. Brock’s argument is that summary judgment was inappropriate because, she says, the policy is ambiguous. We disagree.
The law is that “[i]f the court finds as a matter of law that a contract is unambiguous, then the construction and legal effect of that contract are a determination that may be appropriately made by summary judgment.” Davis v. Southern United Life Ins. Co., 494 So.2d 48, 51 (Ala.1986).
Moreover, this Court recently stated: “Whether an insurance policy is ambiguous is a question of law for the trial court, [citation omitted] If the contract is deemed unambiguous by the trial court, the court must determine the nature and effect of its terms as a matter of law.”
Continental Electric Co. v. American Employers’ Ins. Co., 518 So.2d 83, 85 (Ala.1987). The trial judge had before him the pertinent policy, other exhibits, and the affidavits of the parties. He determined, as a matter of law, that the coverage had clearly lapsed prior to Kenneth’s death, and that Ms. Brock was, therefore, not entitled to the requested death benefits.
Ms. Brock further asserts that the 31-day grace period set out in the policy entitled her to a reasonable time to exercise her conversion privilege. We disagree with this argument also.
The grace period provision provides as follows:
“GRACE PERIOD. A grace period of 31 days shall be granted for the payment of every premium after the first, during which time the insurance shall continue in force. If any premium is not paid before the end of the grace period, then this Policy shall immediately cease and become void_” (Emphasis added.)
This provision does not extend the expiration date of the policy. The policy unequivocally states that the grace period applies only to the “payment of every premium after the first.” In the instant case, the last premium was payable September 15, 1985, and the policy had an expiration date of September 15, 1986. An additional payment of a premium after September 15, 1986, would not have extended the policy, *870 because the policy, by its terms, expired on September 15, 1986.
In short, the language of this policy is clear and unambiguous, and, under Alabama law, where there is no ambiguity in its terms, an insurance contract must be enforced as written. This Court cannot rewrite the contract by judicial interpretation. Monninger v. Group Ins. Service Center, Inc., 494 So.2d 41 (Ala.1986).
Based on the foregoing, the summary judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.

. Ms. Brock contended in court that she had until October 15, 1986. In actuality, 31 days from September 15, 1986, would have ended on October 16, 1986.