Plaintiffs, James and Wanda Altiere, appeal from a summary judgment for the defendant, Blue Cross and Blue Shield of Alabama ("Blue Cross"), on the Altieres' claims for breach of contract and bad faith refusal to pay an insurance claim under a health benefit plan administered by Blue Cross. We affirm. *Page 291 
Mr. Altiere was an employee of Auburn University ("Auburn"), and he and his wife were eligible for benefits under the Employees' Health Benefit Plan for employees of Auburn ("Auburn Plan") when his wife conceived. Before Ms. Altiere gave birth to a child, Mr. Altiere changed jobs and started working for the Alabama Department of Conservation ("State"), and he and his wife became eligible for benefits under the Employees' Health Benefit Plan for employees of the State of Alabama ("State Plan"). Pre-existing conditions, including pregnancy, were not covered under the State Plan until a state employee had been covered continuously by the State Plan for 270 consecutive days immediately prior to the date the employee or his dependent was hospitalized or received services. Mr. Altiere was aware of this at the time he changed jobs and at that time he attempted to get Auburn to extend his coverage under the Auburn Plan until the child was delivered.
Mr. Altiere was informed by a representative of Blue Cross that if Auburn would not extend his benefits under the Auburn Plan, then the only way Blue Cross could provide coverage for the expenses incident to Ms. Altiere's pregnancy was for Mr. Altiere to purchase a conversion insurance policy from Blue Cross. He was informed that this conversion policy was expensive and would cover the expenses of hospitalization and $450 of the doctor fee for delivery. Mr. Altiere did not get Auburn to extend his benefits under the Auburn Plan, and he did not purchase a conversion policy. Mr. Altiere ceased his employment at Auburn in March 1986. Blue Cross contends that the Altieres' coverage under the Auburn Plan terminated no later than April 1, 1986. It is undisputed that no services, care, treatment, or supplies for which the Altieres seek to recover in this action were "furnished or rendered" before August 1986. The Altieres' complaint is as follows:
 "1. At all times pertinent herein, plaintiffs were insured under a contract for insurance issued through Auburn University, Contract No. 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. ["Auburn Plan"]. The policy of insurance made the basis of this suit was a group health policy and [it] had provisions for pregnancy coverage so long as waiting periods had been satisfied. Prior to March 17, 1986, plaintiff Wanda Altiere had become pregnant and had satisfied all other conditions of the policy made the basis of this suit. No conversion could be made to another Blue Cross plan or transfer because of a waiting period of 270 days which would then not cover this pregnancy. Plaintiff ultimately delivered a child in August 1986 and defendants [Blue Cross and certain fictitiously named defendants] have failed or refused to pay any benefits for that delivery.
 "2. Plaintiffs aver that defendants have breached the policy of insurance made the basis of this suit by failing to pay for the pregnancy and delivery as required under that policy. No termination of the contract could be effective in eliminating the insurer's obligation to pay for these pregnancy benefits since the condition had occurred and satisfied all waiting periods during this policy's lifetime. The liability for such benefits attaches at the moment of conception and is merely fulfilled at the moment of delivery. Moreover, plaintiffs were unable to transfer or convert such coverage through other plans because of the waiting periods and this would have effectively deprived them of any coverage. Defendants have breached their contract of insurance and as a proximate consequence thereof, plaintiffs have been denied the economic benefit of their contract and the medical expenses which should have been paid by this contract.
 "3. Plaintiff[s] further aver that defendants acted in bad faith in refusing to pay the medical expenses associated with the pregnancy and delivery as set forth above. As a proximate consequence thereof, the plaintiffs have been caused to suffer economic damage and mental anguish.
 "WHEREFORE, plaintiff [sic] demands judgment against defendants, separately *Page 292 
and severally [Blue Cross and fictiously named parties]. . . ."
The Auburn Plan provided under the section on "Benefits," the following:
 "Subject to all other provisions of the Plan, benefits under this Plan for services, care, treatment or supplies shall only be available to a Member on the condition that the services, care, treatment, or supplies. (Emphasis supplied.)
". . . .
 "(iv) are actually furnished or rendered prior to the date of termination for any reason of such Member's coverage hereunder (whether or not such services, care, treatment, or supplies are for or related to a condition or illness which commenced before or existed on such date of termination). . . ." (Emphasis supplied.)
Under "Exclusions," the Auburn Plan provided:
 "This Plan does not insure against any condition, disease, ailment or injury (including pregnancy and conditions arising from it), but only provides benefits for services, care or treatment which are furnished while this Plan is in force and effect."
(Emphasis supplied.)
Under "VIII. Termination and Continuation of Coverage," the Auburn Plan provided:
"A. Termination of Coverage
". . . .
 "3. The coverage of any Employee and his Dependents shall terminate automatically and without notice as of the date his employment ceases for any reason with the Employer [Auburn]." (Emphasis supplied.)
Courts are not at liberty to rewrite policies to provide coverage not intended by the parties. Newman v. St. Paul Fire Marine Insurance Co., 456 So.2d 40 (Ala. 1984). In the absence of a statutory provision to the contrary, insurance companies have the right to limit their liability and to write policies with narrow coverage. United States Fidelity Guaranty Co. v.Bonitz Insulation Co., 424 So.2d 569 (Ala. 1982). Ambiguities in an insurance policy must be construed liberally in favor of the insured, and exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage to the insured. Cotton States Mutual Ins. Co. v. Michalic,443 So.2d 927 (Ala. 1983), overruled on other grounds, Holt v.State Farm Mutual Automobile Ins. Co., 507 So.2d 388 (Ala. 1986); however, if there is no ambiguity, courts must enforce insurance contracts as written and cannot defeat express provisions in a policy, including exclusions from coverage, by making a new contract for the parties. Turner v. United StatesFidelity Guaranty Co., 440 So.2d 1026 (Ala. 1983).
The Altieres seek to recover under the Auburn Plan for services, care, treatment, or supplies that are unambiguously excluded from coverage under the Auburn Plan; they claim to be entitled to such a recovery because Ms. Altiere was pregnant at the time coverage under the Auburn Plan terminated. The policy does not permit this. Monninger v. Group Insurance ServiceCenter, Inc., 494 So.2d 41 (Ala. 1986), addressed the issue of whether an insurance plan provided coverage of expenses after the expiration date of the policy for an injury that occurred before the expiration of the policy, regardless of the policy provisions. Justice Shores, in holding that it did not, wrote:
 "The language of this policy is clear and, under Alabama law, where there is no ambiguity in its terms, an insurance contract must be enforced as written. Turner [v. United States Fidelity Guaranty Co., 440 So.2d 1026 (Ala. 1983)]. We cannot defeat express provisions, including exclusions, by rewriting the contract, Turner, nor by judicial interpretation. Butler v. Michigan Mutual Ins. Co., 402 So.2d 949 (Ala. 1981)."
494 So.2d at 43.
We have reviewed the cases cited by the Altieres, includingBlue Cross — Blue Shield of Alabama v. Turner, 43 Ala. App. 542, 195 So.2d 807 (1966), cert. denied, 280 Ala. 709,195 So.2d 814 (Ala. 1967), which contained a policy provision different from *Page 293 
the policy provisions relating to pregnancy contained in the Auburn Plan. We are not persuaded that these cases are applicable to the case at issue or that we should deviate from the principle of law so aptly stated by Justice Shores inMonninger, supra.
When a summary judgment is appealed, this Court is limited to a review of the record alone and cannot consider assertions advanced for the first time in appellants' brief to hold the trial court in error. Kemp Motor Sales, Inc. v. Lawrenz,505 So.2d 377, 379 (Ala. 1987). Therefore, we cannot consider the Altieres' argument that a conversion policy offered upon termination of coverage under a group health care benefit plan must provide the same level of benefits as provided in the group contract, for this was not a theory or issue pleaded or raised in the trial court. Smiths Water Authority v. City ofPhenix City, 436 So.2d 827 (Ala. 1983). The Altieres made no claim under the conversion contract for benefits relating to Ms. Altiere's pregnancy. The complaint alleges that the Altieres "were insured under a contract for insurance issued through Auburn University," that the plan "had provisions for pregnancy coverage," that Ms. Altiere became "pregnant and had satisfied all other conditions of the policy made the basis of this suit," and that "[n]o conversion could be made to another Blue Cross plan or transfer because of a waiting period of 270 days which would then not cover this pregnancy." The complaint then avers that Blue Cross had "breached the policy of insurance made the basis of this suit by failing to pay for the pregnancy and delivery as required under that policy."
It is also alleged in the complaint that Blue Cross "acted in bad faith in refusing to pay the medical expenses associated with the pregnancy and delivery as set forth above." The references made by the Altieres in their response to Blue Cross's motion for summary judgment do not in any conceivable way present the theory or issue of whether a conversion contract offered upon termination of coverage under a group health benefit plan must provide the same level of benefits provided under the plan. That is an issue for us to address in another case on another day.
The trial court did not err in entering summary judgment for Blue Cross.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.