Elizabeth Cannon, through her mother and next friend, Cynthia Cannon, appeals from a summary judgment entered in favor of State Farm Mutual Automobile Insurance Company in a case involving a claim for uninsured motorist benefits. The trial court ruled that Cynthia Cannon's automobile insurance policy did not provide coverage for accidents involving an "all-terrain vehicle" ("ATV") on property not considered a public road. We agree.
The facts in this case are essentially undisputed. On May 21, 1988, Billy Cannon (Cynthia's uncle and Elizabeth's granduncle), along with several other members of the Cannon family, attended a family cookout at the home of the Dansby family in Cottonwood, Alabama. Billy had brought with him his 1988 model Honda TRX 300 ATV. During the afternoon, Billy allowed the children to ride with him on the ATV, one passenger at a time. He would take the children for rides by crossing the paved road directly in front of the Dansby home, driving onto a vacant lot on the opposite side of the road, and then returning. During one riding trip, Billy and Elizabeth were returning from the vacant lot when an accident occurred. The following is Billy's deposition testimony regarding the accident:
 "Q. Do you know exactly how this accident occurred? What caused the accident?
 "A. I was going slow. And when I [came] back across the street — in other words, I was running down the side of the road, over on the grass. I don't know if you could say a ditch. It was flat. But it was a wide area.
 "And when I got in front of the house, I stopped, to make sure there [were] no cars coming. Then, I turned and went across the street, or the road, into the *Page 193 
yard. And there was a little hump, there.
 "And, I don't know, unless she [already] had gotten relaxed, or — or what. But, when I went up the hump, is when she [came] off.
 "Q. Okay. Now, where exactly was [Elizabeth] riding on the [ATV] —
"A. The front."
As a result of the accident, Elizabeth's leg was broken. Billy had no insurance coverage on the ATV; his homeowner's insurance policy provided no coverage for any claim arising out of the accident.[1]
Cynthia made a claim to recover damages for her daughter's injuries under the uninsured motorist provisions of her automobile insurance policy with State Farm. She claimed that the accident occurred on the public road right-of-way and was, therefore, covered under the automobile policy. State Farm denied her claim, citing Section III of the policy (as amended), "Uninsured Motor Vehicle, Coverage U," which states:
 "An uninsured motor vehicle does not include a land motor vehicle:
". . . .
 "3. designed for use mainly off public roads except while on public roads. . . ."
Elizabeth Cannon, through her mother, Cynthia, sued State Farm, claiming benefits under her mother's policy. The trial court, on December 20, 1990, entered a summary judgment in favor of State Farm. The court's order reads, in pertinent part:
 "I have found the motions well taken as to the applicability of the coverage to an incident involving an all-terrain vehicle on the right-of-way of a paved public road. The Plaintiffs insist that the term 'while on [public roads]' raises an ambiguity which must be resolved factually. In support of their claim, they have filed an affidavit signed by the Houston County Highway Engineer. The affidavit defines 'public road' as including rights-of-way and drainage areas, which is entirely appropriate to a definition for road maintenance purposes. That definition has no bearing on the term as used in the policy, which concerns the surface on which the [uninsured] might operate the vehicle. I have therefore entered Summary Judgment for the defendants. . . ."
On that same day, Cannon filed a document styled as a motion for "summary judgment," asking the court to set aside its summary judgment in favor of State Farm. On January 2, 1991, the trial court denied Cannon's motion. Cannon appeals the summary judgment for State Farm.
 I
State Farm moved to dismiss the appeal, contending that Cannon's February 13, 1991, notice of appeal was untimely because more than 42 days had passed from the trial court's summary judgment of December 20, 1990. Cannon asserts that her December 20 motion for summary judgment was also a post-judgment motion to set aside the judgment, pursuant to Rule 59(e), A.R.Civ.P., and, thus, that the running of the 42-day period within which to appeal was tolled until the trial court's ruling on her motion on January 2, 1991.
Although Cannon's December 20 motion was labeled a motion for "summary judgment," it contained the statement "Plaintiff request[s] the court to set aside the judgment previously entered"; this language is consistent with that of Rule 59(e). This Court considers the substance of a motion, rather than its style, in determining the kind of motion a party has filed.Sexton v. Prisock, 495 So.2d 581 (Ala. 1986). Because of the substance of Cannon's motion, we consider it to be a motion properly brought under Rule 59(e), which provides for motions for new trial or to alter, amend, or vacate a judgment. Thus, we view Cannon's December 20 motion as a Rule 59(e) post-judgment motion.
A motion filed under Rule 59, even though it follows a summary judgment, *Page 194 
suspends the running of the time for filing a notice of appeal. See Rule 4(a)(3), A.R.App.P.; see, also, Sexton v. Prisock, supra. Therefore, Cannon's December 20 motion tolled the time for appeal. When the trial court ruled on the motion on January 2, 1991, Cannon had 42 days to file her appeal. Accordingly, her February 13, 1991, notice of appeal was timely filed. We deny State Farm's motion to dismiss the appeal.
 II
Cannon contends that the trial court erred in entering a summary judgment based on its construction and application of the term "while on public roads." Alternatively, she argues that the trial court erred by failing to hold that the term "while on public roads" was ambiguous. State Farm asserts that the term "while on public roads" is not ambiguous, that Billy Cannon was not on a public road at the time of the accident, and, thus, that, under the policy provisions, State Farm is not liable for insurance coverage regarding the accident.
Initially, we point out that a summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to provide "substantial evidence" in support of his position. Ala. Code 1975, § 12-21-12; Rule 56, A.R.Civ.P.; Hanners v. BalfourGuthrie, Inc., 564 So.2d 412 (Ala. 1990); Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794 (Ala. 1989). The trial court is required to view all of the evidence offered by the moving party in support of its motion in the light most favorable to the nonmovant. Hanners, supra, and Bass, supra.
Additionally, we are governed by our previous decisions regarding the construction of insurance contracts. We have held that "[c]ourts are not at liberty to rewrite policies to provide coverage not intended," and that "[i]n the absence of a statutory provision to the contrary, insurance companies have the right to limit their liability and to write policies with narrow coverage." Altiere v. Blue Cross Blue Shield ofAlabama, 551 So.2d 290, 292 (Ala. 1989) (citations omitted). If a court determines that an insurance contract is ambiguous, it will resolve the ambiguity in favor of the insured. Id. Where no ambiguity exists, an insurance contract will be enforced as written. Monninger v. Group Ins. Service Center, Inc.,494 So.2d 41 (Ala. 1986). In light of these principles, we address the merits of Cannon's contentions.
The policy in this case does not define the term "public road." The thrust of this appeal concerns whether the accident occurred on a public road. If it did, State Farm is liable under the policy; if it did not, the policy does not provide coverage. Cannon argues that a "public road" includes a right-of-way extending 11 feet off the paved portion on each side of the road. State Farm contends that a "public road" extends only to the paved portion of the road. Because the parties construe the term "public road" differently, Cannon claims that the policy in question contains an ambiguity. We disagree.
" 'The mere fact that adverse parties contend for different constructions [of a particular policy provision] does not of itself force the conclusion that the disputed language is ambiguous.' " Upton v. Mississippi Valley Title Ins. Co.,469 So.2d 548, 554 (Ala. 1985), quoting Antram v. Stuyvesant LifeIns. Co., 291 Ala. 716, 720, 287 So.2d 837, 840 (1973). An ambiguity exists where a term is reasonably subject to more than one interpretation. See, generally, Black's Law Dictionary
73 (rev. 5th ed. 1979). However, we do not view the term "public road" as ambiguous as it pertains to insurance coverage.
We look to the plain, ordinary meaning or popular sense of the word "public road" as it pertains to this insurance contract. A "public road" has been defined as a road used for "general circulation of vehicles." J. Appleman, Insurance Lawand Practice § 4291 (1979). A public road includes the "traveled portion" of a roadway, designed *Page 195 
or ordinarily used for vehicular travel, exclusive of theberm or shoulder. Bloomquist v. NWNL Gen. Ins. Co.,421 N.W.2d 416 (Minn.App. 1988). The term " 'public road' connotes that portion of the public way ordinarily used for vehicular traffic in contradistinction to the 'sidewalk' area." Lally v.Automobile Mut. Ins. Co. of America, 114 R.I. 582, 585,337 A.2d 243, 245 (1975). Thus, we agree with the trial court's holding that the term "public road," in the context of this uninsured motorist provision, means "the surface on which the [uninsured] might operate the vehicle."
The facts of this case support the trial court's holding. According to State Farm, the contract provision "except while on public roads" was intended to expand coverage under the policy. It appears that the expansion was intended for off-road vehicles that temporarily cross or move on public roads to reach a particular off-road site for recreation. However, Billy, the uninsured motorist, was not driving on the paved portion of the road; rather he had simply crossed the paved portion of the road and entered the front yard of the Dansby home. He stated in his deposition that he was in the "yard" when the accident occurred. Exhibits offered by both Cannon and State Farm, consisting of four photographs of the area where the accident occurred, provide undisputed evidence that Billy was well off the paved road and onto the front yard of the Dansby home when the accident occurred.
We conclude that under the facts of this case the trial court correctly construed and applied the terms of the insurance contract. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
MOTION TO DISMISS DENIED; AFFIRMED.
MADDOX, SHORES, ADAMS and INGRAM, JJ., concur.
[1] The record does not reveal the identity of the carrier of Billy's policy of homeowner's insurance; however, his policy is not the subject of this appeal.