KENNEDY, Justice.
The plaintiff, Cathy Booth, appeals from a summary judgment in favor of the defendant, World Insurance Company.
On February 1, 1985, World Insurance issued a medical insurance policy to Ralph Booth. On December 14, 1987, Liberty National Life Insurance Company issued a “Family Cancer Policy” to Ralph Booth and his family. Ralph was diagnosed as having cancer in August 1988. Ralph made claims for payment to both Liberty National and World Insurance. Both companies paid certain benefits to Ralph or to his medical care providers on his behalf. Liberty National paid the total amount it was obligated to pay under its policy with Ralph. World Insurance paid certain claims minus the amount paid by Liberty National.
Ralph sued World Insurance, claiming fraud, breach of contract, and bad faith failure to pay his claims. Specifically, *65 Ralph claimed that World Insurance had failed to pay the amounts owed under the policy. Ralph died of cancer in October 1989. Ralph’s wife, Cathy Booth, was granted letters testamentary over his estate and was substituted as the proper party plaintiff.
The trial court granted World Insurance’s motion for summary judgment; Cathy appealed.
The policy issued by World Insurance included the following payment provision:
“Amount Payable: The amount we will pay will be the lesser of:
“1. The sum of Type A and Type B charges, minus the Deductible; or
“2. The sum of the Expenses incurred, minus the benefits paid by other Health Insurance Plans.”
The policy issued by World Insurance defined “health insurance plans” as:
“A plan which provides reimbursement or service benefits for Hospital, surgical or medical expenses. This includes coverage under: (1) individual or group health insurance policies; (2) nonprofit health service plans; (3) health maintenance organization subscriber contracts; (4) self-insured group plans; (5) Medicare; and (6) medical coverage under homeowner’s or automobile (except ‘no fault’) insurance.”
World Insurance applied section 2 under the “Amount Payable” provision and paid certain claims reduced by the amount that was paid by Liberty National.
The cancer policy issued by Liberty National paid indemnity benefits and some medical expenses arising from Ralph’s cancer treatment.
Cathy claimed that the cancer policy was not a “health insurance plan” as defined in the World Insurance policy, but rather was a limited purpose and limited coverage insurance policy that provided benefits only if the insured was stricken with cancer. If the cancer policy is not a health insurance plan, then Cathy argues that section 1 of the policy would apply. Cathy also claimed that if the cancer policy was found to be a health insurance plan, then, under section 2 of the “Amount Payable” provision, World Insurance was required to pay all medical expenses not paid by Liberty National, which she alleges World Insurance did not do.
World Insurance claimed that the cancer policy was a “health insurance plan” as defined in the policy and that it had paid the total amount owed under the policy.
A summary judgment is appropriate only when the moving party shows “that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must present substantial evidence creating a genuine issue of material fact. Hope v. Brannan, 557 So.2d 1208 (Ala.1989). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
In response to the defendant’s prima facie showing, the plaintiff presented no evidence of fraud or bad faith. Therefore, we affirm the summary judgme; it as to the fraud and bad faith claims. However, the plaintiff did present substantial evidence of a breach of contract.
“[W]e recognize that insurance companies have a right to limit their liability and to write policies with narrow coverage. United States Fidelity & Guaranty Co. v. Bonitz, 424 So.2d 569 (Ala.1982). However, an insurance contract containing ambiguous language will be construed liberally in favor of the insured and strictly against the insurance company. Turner v. United States Fidelity & Guaranty Co., 440 So.2d 1026 (Ala.1983). Furthermore, provisions of insurance policies must be construed in light of the interpretation that ordinary men would place on language used therein. McKissick v. Auto-Owners Ins. Co., 429 So.2d 1030 (Ala.1983).”
Ho Bros. Restaurant, Inc. v. Aetna Cos. & Sur. Co., 492 So.2d 603, 605 (Ala.1986).
*66 The policy is ambiguous as to whether the term “health insurance plan” included limited-coverage policies for the treatment of catastrophic diseases. The cancer policy issued by Liberty National was limited in scope to the treatment of cancer. As the writer of its own policy, World Insurance could have easily included limited-coverage policies in its definition of “health insurance plans.”
The summary judgment is affirmed as to the fraud and bad faith claims. We reverse the summary judgment as to the breach of contract claim and remand the cause.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
HORNSBY, C.J., concurs in the result.