Kathleen JENNINGS

v.

MIDVILLE GOLD CLUB, INC., et al. and Mary Kennedy,

v.

AMICA MUTUAL INSURANCE CO.

No. 93–151–Appeal.

Supreme Court of Rhode Island.

Jan. 27, 1994.

William Filippo, Calvino Law Associates, Providence, for plaintiff.

Paul A. Anderson, Anderson, Anderson & Zangari, Amy Beretta, Kevin Cain, A. Lauriston Parks, Hanson, Curran & Parks, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before a three-member panel of this court on January 11, 1994, pursuant to an order requiring the defendant/ third-party plaintiff, Mary Kennedy (Kennedy), and the third-party defendant, Amica Mutual Insurance Co. (Amica), to appear and show cause why the issues raised by this appeal should not be summarily decided.

Kennedy appeals from a Superior Court judgment entered in favor of Amica. Kennedy filed a third-party complaint against Amica, seeking liability coverage and indemnification under her Amica personal automobile insurance policy in connection with an accident involving a golf cart. The Superior

**708**

Court justice ordered that Kennedy was not entitled to insurance coverage under the policy.

According to Kennedy and Amica's agreed-upon statement of facts, plaintiff, Kathleen Jennings (Jennings), was injured in the parking lot of a golf club when Kennedy collided with her. Kennedy was operating a four-wheeled, gasoline-powered, motorized golf cart that the golf club owned. Jennings sued Kennedy and other defendants to recover damages for her personal injuries. Kennedy's Dodge Aries was listed in the Amica policy as a "covered auto."

Both parties agree that the sole issue for determination is an interpretation of the liability coverage of the Amica policy, that is, whether it covers the accident involved in this case. Kennedy claims that the section of her policy that provides coverage for bodily injury or property damage resulting from an automobile accident for which she becomes responsible does apply to this golf-cart accident. She also argues that because the policy excludes coverage for motorized vehicles that have fewer than four wheels, by inference the policy covers four-wheeled, motorized vehicles, including a four-wheeled, motorized golf cart. She further maintains that nothing in the policy would notify a "conscientious insured" that he or she would not be covered if operating a four-wheeled, motorized vehicle.

Amica contends that the plain, ordinary, and usual meaning of "auto" does not include golf cart. It also asserts that golf carts were not intended by Amica to be covered by the policy.

The relevant section of the policy states that Amica "will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident." The term "auto" is not defined in the policy.

█ When we interpret contested terms of an insurance policy, we are bound to apply the general rules for the construction of contracts. *Malo v. Aetna Casualty and Surety Co.*, 459 A.2d 954, 956 (R.I.1983). We give the language used in the policy its plain, ordinary, and usual meaning. *See id.* When language used in an insurance contract is ambiguous, the contract will be strictly construed in favor of the insured and against the insurer. *Bartlett v. Amica Mutual Insurance Co.*, 593 A.2d 45, 47 (R.I.1991).

In their memoranda, the parties discussed *General Accident Insurance Company of America v. Olivier*, 574 A.2d 1240 (R.I.1990); *Sentry Insurance Co. v. Castillo*, 574 A.2d 138 (R.I.1990), and *Lally v. Automobile Mutual Insurance Company of America*, 114 R.I. 582, 337 A.2d 243 (1975). We have reviewed these cases and have found them to be inapplicable on the law and inapposite on the facts involved in this case.

█ We do not think that the plain, ordinary, and usual meaning of auto includes four-wheeled, motorized golf carts. We do not believe that the policy covers *all* four-wheeled motor vehicles; otherwise, the policy would cover Kennedy if she had been operating, for example, a four-wheeled, motorized Matchbox car that collided with someone and caused personal injuries.

After hearing the arguments of counsel and reviewing the memoranda that the parties submitted, we conclude that cause has not been shown. Consequently, the defendant/third-party plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed.

SHEA, J., did not participate.